09 CV 10105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI BLACKWOOD MUSIC, INC., a Connecticut Corporation; EMI APRIL MUSIC, INC., a Connecticut Corporation; EMI VIRGIN MUSIC, INC., a New York Corporation; COLGEMS-EMI MUSIC, INC., a Delaware Corporation; EMI VIRGIN SONGS, INC., a New York Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG, INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO., INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation, | CASE NO. |

Plaintiffs,

v.

VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,

Defendants.

**COMPLAINT FOR DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT, AND INDUCEMENT TO INFRINGE COPYRIGHT**

**DEMAND FOR JURY TRIAL**



RECEIVED
DEC 10 2009
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs, by their attorneys Mitchell Silberberg & Knupp LLP, for their Complaint

against Defendants Vimeo, LLC d/b/a Vimeo.com, Connected Ventures, LLC, and Does 1-20

("Defendants"), aver, upon knowledge as to their own acts and upon information and belief as to

the acts of others, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs are music publishing companies and the owners of copyrights and

related exclusive rights in musical compositions. Plaintiffs (all of which are companies affiliated

with the EMI Music Group) collectively own some of the most well-known and successful

musical compositions in the world. Plaintiffs bring this action to obtain redress for massive and knowing infringement of their copyrighted musical compositions by Defendants.

2.     Vimeo LLC ("Vimeo") is the owner of the website located at the Uniform Resource Locator ("URL") www.vimeo.com (the "Vimeo website"). Vimeo is a popular and well-financed video- and music-"sharing" website that profits by using audiovisual works, including audiovisual works featuring Plaintiffs' copyrighted musical compositions. Vimeo induces and encourages its users to upload to the Vimeo website these audiovisual works, and Vimeo then copies, adapts, publicly performs, distributes, and otherwise disseminates to the public these audiovisual works, all of which can be viewed or downloaded by anyone with an Internet connection (and a free, anonymous Vimeo membership) with a simple mouse click, and then further distributed virally throughout the Internet. Vimeo uses these works, including those featuring Plaintiffs' copyrighted musical compositions, to populate its commercial website and to attract members. Vimeo also actively participates, including through its own staff, in making, selecting, commenting on, and at times choosing to delete the audiovisual works that comprise the Vimeo website. Vimeo claims to have over two million members (many of whom pay a yearly $59.95 membership fee). Among the audiovisual works copied, adapted, publicly performed, and distributed by Vimeo are numerous copies of Plaintiffs' musical compositions. Plaintiffs never have authorized the exploitation of their copyrighted works by Vimeo.

3.     The use of Plaintiffs' original, copyrighted musical compositions on Vimeo's website is not an accident. Vimeo's stated policy (expressed by its own staff member) is that "our website is about original videos, *not* original music" (emphasis added). As a result, the Vimeo website contains a massive amount of content that features, and draws most (if not all) of its appeal from, the use of copyrighted musical works. Indeed, the use of copyrighted music is integral to the success of the Vimeo website. Among such audiovisual works are official music videos, live concert footage, videos consisting entirely of individuals "lip-synching" musical

2

compositions (also known as "lip dubs," a phrase coined by Vimeo and a practice encouraged by Vimeo and its staff), and videos featuring prominent musical soundtracks.

4.      Vimeo not only is aware of the copyright infringement taking place on its system, but actively promotes and induces that infringement, including by showcasing audiovisual works containing Plaintiffs' musical compositions, by encouraging users to embody copyrighted musical compositions in their works, by providing users with the tools to perform and disseminate such works, by providing commentary and feedback on uploaded videos, and by refusing to filter or block videos using copyrighted musical compositions. As one Vimeo staff member advised users: "You can use the music, there are ton's [sic] of videos on here with music."

5.      The reproduction, adaptation, public performance, and distribution of Plaintiffs' musical compositions by Vimeo are precisely the types of commercial uses licensed by Plaintiffs to, for example, television shows and other Internet services. However, unlike those licensed uses, Vimeo has never obtained the consent of Plaintiffs to use their works or paid Plaintiffs any compensation.

6.      By filing this lawsuit, Plaintiffs are not seeking to stifle creativity or preclude members of the public from creating original, lawful audiovisual works. Rather, this lawsuit is about a commercial, for-profit venture that has built a business by reproducing, adapting, performing, and distributing works that it knows contain Plaintiffs' copyrighted musical compositions, and then knowingly profiting from the draw created by making these works available for free to millions of its users.

3

## JURISDICTION AND VENUE

7.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

8.      This Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendants in that, among other things, Defendants have their principal place of business in, and are doing business in, the State of New York and in this District.  As such, Defendants are engaged in tortious conduct within the State of New York, including by copying, adapting, publicly performing, and distributing Plaintiffs' copyrighted musical compositions.  Additionally, Defendants' conduct causes injury to Plaintiffs and their intellectual property within the State of New York, and Defendants (a) regularly do or solicit business in the State of New York, (b) engage in a persistent course of conduct in the State of New York, (c) derive substantial revenue from goods used or services provided to consumers located in the State of New York, (d) expect or should reasonably expect their acts to have consequences in the State of New York, and (e) derive substantial revenue from interstate commerce.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a), in that Defendants are subject to personal jurisdiction and may be found in this District.

## THE PARTIES

11.     EMI Blackwood Music, Inc., is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in New York, New York.

4

12.    EMI April Music, Inc., is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in New York, New York.

13.    EMI Virgin Music, Inc., is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

14.    Colgems-EMI Music, Inc., is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

15.    EMI Virgin Songs, Inc., is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

16.    EMI Gold Horizon Music Corp., is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

17.    EMI U Catalog, Inc., is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

18.    EMI Unart Catalog Inc. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

19.    Jobete Music Co., Inc., is a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business in New York, New York.

5

2395822.5

20.     Stone Diamond Music Corporation is a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business in New York, New York.

21.     Plaintiffs are in the business of acquiring, owning, publishing, administering, licensing, and otherwise exploiting copyrights in musical compositions. Plaintiffs invest money, time, effort, and creative talent to acquire, administer, publish, license, and otherwise exploit such copyrights, on their own behalf and on behalf of songwriters and other music publishers with whom they have contractual relationships. Plaintiffs own or administer (in whole or in part) copyrights and/or exclusive rights in and to musical compositions (the "Musical Compositions"), including by way of example those compositions identified on Schedule A hereto, incorporated herein by reference. Plaintiffs have obtained Certificates of Copyright Registration in each of the Musical Compositions, including but not limited to those identified on Schedule A. As the owners or exclusive administrators of copyrights in these Musical Compositions, Plaintiffs possess the exclusive rights, among other things, to reproduce the Musical Compositions in copies or phonorecords, to adapt the Musical Compositions, to distribute copies or phonorecords of the Musical Compositions to the public, to perform the Musical Compositions publicly, and to authorize or license these exclusive rights including on television and over the Internet.

22.     Vimeo is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Plaintiffs are informed and believe, and on that basis aver, that Vimeo is the successor-in-interest to Connected Ventures LLC, a Delaware Limited Liability Company, with respect to the Vimeo website, and both have engaged in the acts and conduct herein set forth. (Reference herein to "Vimeo" includes, as appropriate, its predecessor-in-interest.) Vimeo purports to be a video-sharing network and Internet "community," but in fact it is a commercial business that encourages and assists its users to create, upload, download, distribute, and view a variety of

6

audiovisual works, including works that feature or contain Plaintiffs' Musical Compositions. In doing so, Vimeo, among other activities, copies the audiovisual works (containing Plaintiffs' musical compositions) to its own server, makes additional copies of works to facilitate its performance and distribution, and publicly performs and distributes the audiovisual works.

23.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 20, inclusive, are unknown to Plaintiffs, which sue said defendants by such fictitious names (the "Doe Defendants"). If necessary, Plaintiffs will seek leave to amend this complaint to state their true names and capacities. Plaintiffs are informed and believe, and on that basis aver, that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts herein set forth. (Vimeo and the Doe Defendants collectively are referred to as "Defendants.")

24.    Plaintiffs are informed and believe, and on that basis aver, that at all times mentioned in this complaint, each of the Defendants was the agent of each of the other Defendants and, in doing the things averred in this complaint, was acting within the course and scope of such agency.

## FACTS APPLICABLE TO ALL CLAIMS

25.    As an integral part of the business and commercial appeal of the Vimeo website, Vimeo copies, adapts, publicly performs, distributes, and provides technology and services that induce and enable others to copy, adapt, publicly perform, and distribute, video and audio content, including music, over the Internet. Vimeo aggregates this content, including Plaintiffs' musical compositions, and performs and/or distributes this content via a commercial website to any member of the public with an Internet connection. Vimeo profits from these activities by pairing this content with advertisements, by charging users for "premium" memberships, and by selling merchandise to its users.

26.    Vimeo typically makes at least two copies of each uploaded audiovisual work, including those embodying complete or virtually complete copies of Plaintiffs' Musical Compositions. The first copy contains the work as uploaded; the second copy contains the same work "transcoded" so as to be more accessible and easily performed or distributed to and by its users. The audiovisual work then is indexed by Vimeo and made available to the public. On demand, visitors to the Vimeo website may access such audiovisual works, which are publicly performed by Vimeo by means of a "streaming" transmission. Vimeo also enables members of the public to "share" (via e-mail) these audiovisual works and "embed" these works (via an "in-line" link) on a third party website. In addition, to its registered users, Vimeo makes available and distributes by download (from the Vimeo server) complete copies of audiovisual works uploaded to Vimeo, which then may be e-mailed, distributed on peer-to-peer networks, or otherwise virally disseminated throughout the Internet. Representative samples of Plaintiffs' Musical Compositions that have been unlawfully copied, publicly performed, and distributed via these audiovisual works are those identified on Schedule A.

27.    Vimeo offers anonymous memberships for free to its website and online services. Vimeo also offers paid premium memberships to its website (known as "Vimeo Plus") for $59.95 per year. Even without registering, any visitor to the Vimeo website can view and listen to most of the uploaded audiovisual works in their entirety, including those containing Plaintiffs' Musical Compositions. Once a user creates a membership account with Vimeo (free or paid), that user then may engage in a variety of additional activities, including uploading digital media files to the Vimeo server and website, creating or "subscribing to" (i.e., receiving regular updates from) "Groups" and "Channels" dedicated to certain types of audiovisual works (and music), downloading from Vimeo servers audiovisual works created by other users, distributing those works virally over the Internet, designating certain uploaded works as "private" or password protected, and posting comments and messages to the Vimeo message boards and discussion groups.

28.    Vimeo differs from certain other "video-sharing" websites, including by taking an active and pervasive role in its user "community." Among other things, Vimeo employs staff members whose role is to act as community liaisons. In that role, Vimeo staff members (identified on the Vimeo website as "Staff"), provide their own videos (including those containing Plaintiffs' Musical Compositions), contribute to community discussions, review and comment on posted videos (including by tagging certain videos as "likes"), select videos to be featured and showcased as "Staff Picks," create "Groups" and "Channels," assist users with technical and creative issues, and decide to delete certain videos. The Vimeo website is much more than a place for users to store audiovisual works. As one of the Vimeo Staff explained, "*we're not a hosting service*; we're a sharing service.... We want users who will contribute to Vimeo and our community, not just use our service to host their videos for free" (emphasis added).

29.    While Vimeo's materials tout its commitment to "original" content, its view of what is "original" is narrow and self-serving. While Vimeo claims to have no tolerance for the posting of preexisting video content, it not only freely and readily permits, but actively encourages, its users to post audiovisual works that feature, contain, or even consist entirely of preexisting *musical works*, including Plaintiffs' Musical Compositions. These include, among other things, audiovisual works consisting entirely of unlicensed concert footage embodying the performance of Plaintiffs' Musical Compositions and videos which use copyrighted musical works in the foreground of the work or synchronized with images such as animation, photographs, drawings, or other video footage. In all of these audiovisual works, the music is not incidental; it generally is comprised of the entirety of the musical work deliberately and carefully synchronized into the video in order to provide a focal point and appeal for the content. Many of these videos are equivalent to television programs or independent films, with music synchronized with the dialog or the visual material. Others are simply an entire musical work "mouthed" (i.e., lip synched) by the individuals in the video. Others are the equivalent of music

9

videos, in which the entire audiovisual work is focused on the musical work. (Vimeo even has provided Plaintiffs' Musical Compositions by performing videos that consist of nothing more than a "record player" playing a commercial recording that embodies these compositions.)

30.    One of the most prevalent and popular types of audiovisual works provided by the Vimeo website is the so-called "lip dub" video. Plaintiffs are informed and believe, and on that basis aver, that "lip dub" is a term coined by Vimeo's founder, Jakob Lodwick, who has himself made, and encouraged the making of, "lip-dubs" that infringe copyrighted musical compositions. A "lip dub" video is a video that is comprised of footage of an individual (or individuals) "lip-synching" the entirety of a popular musical composition. Including on its home page, Vimeo has advised its users to create "lip dubs" by digitally inserting and synchronizing recordings embodying copyrighted musical compositions into video footage during editing. (E.g., "Shoot yourself mouthing along to a song. Then sync it with a high quality copy of the song in an editing program.") This ensures that the music that accompanies the "lip dub" video, which virtually always is copied directly from a commercial recording, is high-quality, of substantial volume, and is the focal point of the audiovisual work. Vimeo otherwise encourages and induces the making and uploading of lip dubs, and, indeed, Vimeo's own staff members have created "lip dubs" that infringe Plaintiffs' Musical Compositions.

31.    Vimeo has extensive knowledge of the use of copyrighted musical compositions on its website, and Vimeo encourages and induces its users to copy, adapt, and upload copyrighted musical compositions, including Plaintiffs' Musical Compositions. It does so in a number of ways, including:

(a)    Vimeo Staff itself has created and disseminated audiovisual works embodying Plaintiffs' Copyrighted Musical Compositions.

10

(b)    Vimeo showcases certain audiovisual works containing copyrighted musical compositions, including Plaintiffs' Musical Compositions, by including them among its "Staff Picks" or "Featured" videos.  Further, Vimeo staff members frequently review and comment on audiovisual works uploaded by Vimeo members, including audiovisual works containing copyrighted musical compositions.  Plaintiffs are informed and believe, and on that basis aver, that Vimeo Staff also monitor Vimeo discussion groups, communicate frequently with Vimeo users, and implicitly or explicitly encourage and authorize Vimeo users to include and provide to Vimeo copyrighted musical compositions in their audiovisual works, including by engaging in "group" projects organized by Vimeo.

(c)    Vimeo has created (or encouraged its users to create) "Channels" and "Groups" dedicated to showcasing music videos, including those containing Plaintiffs' Musical Compositions.  Vimeo users have created Channels specifically dedicated to showcasing concert footage of particular artists or videos set to the music of particular artists.  Several prominent Channels are dedicated entirely to "lip dub" videos, which by definition involve the exact copying of pre-existing musical compositions.   Vimeo has selected certain music-based channels, including channels devoted to "lip dubs" of copyrighted musical compositions, among its "Featured Channels" (sometimes also referred to as channels "We Like" or "Vimeo Obsessions").  Plaintiffs are informed and believe, and on that basis aver, that many of these Channels are visited by Vimeo Staff or community moderators.

(d)    Many videos and Channels are readily identifiable as containing Plaintiffs' Musical Compositions.  Typically, at least one (and frequently several) of the following is present: (1) the title of the Musical Composition and/or name of the recording artist performing the Musical Composition is used as the title of the video file; (2) the description of the file includes information identifying the composition and/or performer; (3) the file has been designated with "keywords" that specifically reference the composition and/or performer; and/or

11

(4) the video is displayed with a "thumbnail" image consisting of a screenshot that clearly displays that the video contains Plaintiffs' Musical Compositions. These include famous musical compositions known to the public generally, and Vimeo specifically, to be owned by music publishers, including Plaintiffs. However, Vimeo has expressed to its members that it will not remove videos containing copyrighted musical works unless it receives a formal take-down request (by which time the infringing work has been made available to all Vimeo users and for copying and further distribution by all Vimeo members). Even after receiving notice, Vimeo does nothing to remove other copies of the same musical compositions or to prevent them from being replaced, copied on Vimeo's servers, and again made available to its users. In so doing, Vimeo conveys to its users that it tolerates the use of copyrighted music and will not engage in policing of its system with respect to music (as opposed to the regular policing it claims to engage in with respect to other types of content).

(e)    Vimeo is well aware of the nature of copyrights generally, purports to obtain "licenses" from its members to copy, perform, and distribute audiovisual works, and takes steps to protect its own intellectual property rights. Vimeo specifically is aware of the fact that Plaintiffs own copyrights in musical compositions and that such rights must be licensed or authorized by the copyright owners for the precise uses made by Vimeo without license or authorization. Moreover, Vimeo's parent company, IAC (and its subsidiary, Mindspark Interactive Network, Inc., which owns Vimeo), own and manage numerous companies engaged in the exploitation of intellectual property, such as dating website Match.com, the online "virtual world" Zwinky, web "personalization" site "Webfetti," online greeting card sites MyFunCards.com and CardBoiled.com, and many other Internet websites and online businesses.

32.    Although Plaintiffs have notified Vimeo of a representative sample of Plaintiffs' Musical Compositions that were being infringed, additional copies of many of the same works continue to be made available on and by Vimeo. Vimeo claims to take active steps to filter and

12

remove content that it views as professionally created or that is comprised of preexisting works (e.g., movies, television programs). On the other hand, Vimeo refuses to implement and use available simple measures, including filtering technology, to avoid the continued and ongoing infringement of Plaintiffs' Musical Compositions.

33.     Vimeo directly financially benefits from its infringing conduct. Vimeo earns revenue from various forms of advertising. This includes "banner" and "sponsored link" advertising that is placed on webpages containing infringing music. Some advertisements used by Vimeo also are keyword driven and targeted to the music used. Vimeo also benefits financially from the sale of premium Vimeo Plus memberships and from the sale of merchandise. Finally, Vimeo financially benefits from the overall increase in user traffic and commercial value of its business arising from the "draw" of the availability on its website of videos containing Plaintiffs' Musical Compositions.

34.     Vimeo has the legal right and ability to control and limit the infringing activities on its website. All members of Vimeo agree to be bound by "Terms of Service," which, among other things, permit Vimeo to terminate a user's access to its website. Vimeo at all times possesses absolute control with respect to access to the Vimeo website. Vimeo also has the practical ability to control and limit the content on its website. All digital content contained on the Vimeo website is copied and indexed by Vimeo and stored on a server controlled by Vimeo. Vimeo claims it routinely monitors the videos uploaded to its website to ensure that such videos are comprised of amateur or user-made content, do not contain pornographic content, and comply with other "community guidelines." Vimeo removes those videos that do not comply. Vimeo Staff also review the audiovisual works to select their "Staff Picks," which include works embodying Plaintiffs' Musical Compositions. However, Vimeo deliberately does not remove or delete audiovisual works that it knows contain copyrighted musical compositions. To the contrary, Vimeo (and its Staff) openly encourage and/or tolerate the use of copyrighted music by

13

Vimeo users, thereby conveying that the Vimeo website is a "safe haven" for such material and allowing the proliferation of infringing works on the Vimeo website.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

35.    Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 34, inclusive.

36.    Defendants have infringed Plaintiffs' copyrights in the Musical Compositions by reproducing, adapting, distributing, and/or publicly performing the Musical Compositions without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

37.    Each such infringement by Defendants of the Musical Compositions constitutes a separate and distinct act of infringement.

38.    Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights Plaintiffs.

39.    As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

40.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

2395822.5

41.    As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe their rights in the Musical Compositions.  Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

42.    Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 34, inclusive.

43.    The aforementioned activities by Defendants' users constitute infringements of copyrights in Plaintiffs' Musical Compositions, including Plaintiffs' exclusive rights of reproduction, distribution, adaptation, and public performance, 17 U.S.C. §§ 106 and 501.

44.    Defendants have, with knowledge, materially contributed to unauthorized reproductions, adaptations, distributions, and/or public performances of Plaintiffs' Musical Compositions by Defendants' users, including by failing and refusing to take simple measures to limit or curtail such infringing activity, and thus Defendants have contributed to or caused the infringement of Plaintiffs' copyrights.

45.    Each such infringement by Defendants' users of Plaintiffs' Musical Compositions constitutes a separate and distinct act of infringement.

2395822.5

46.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

47.     As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C § 504(c).

48.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

49.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Musical Compositions.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

50.     Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 34, inclusive.

16

51.    The aforementioned activities by Defendants' users constitute infringements of copyrights in Plaintiffs' Musical Compositions, including Plaintiffs' exclusive rights of reproduction, distribution, adaptation, and public performance.  17 U.S.C. §§ 106 and 501.

52.    Defendants have the right and ability to supervise and control the infringing conduct of their users.  Defendants have refused to exercise such supervision and control to limit infringement to the extent required by law.  As a direct and proximate result of such refusal, Defendants' users have infringed the Plaintiffs' copyrights in the Musical Compositions, including by reproducing, distributing, adapting, and publicly performing the Musical Compositions.

53.    Defendants derive a direct financial benefit from this infringement, including but not limited to, from advertising revenue, from paid subscriptions, from the sale of merchandise through the Vimeo website, and from the increased user traffic and increase in value of Defendants' businesses arising from the "draw" of Plaintiffs' Musical Compositions.

54.    Each such infringement by Defendants' users of Plaintiffs' Musical Compositions constitutes a separate and distinct act of infringement.

55.    Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs.

56.    As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

2395822.5

57.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

58.    As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe their rights in the Musical Compositions.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT IV

### INDUCEMENT TO INFRINGE COPYRIGHT

59.    Plaintiffs incorporate by this reference each and every averment contained in paragraphs 1 through 34, inclusive.

60.    Defendants have actively encouraged and induced Vimeo users to engage in copyright infringement, including among other things, by providing to them the tools to infringe, instructions to infringe, and the ability to infringe anonymously.  Additionally, Defendants have designed the Vimeo website and service, and promoted the use of the Vimeo website, to infringe copyrighted works, including Plaintiffs' Musical Compositions.  As a direct and proximate result of such inducement, Defendants' users have infringed copyrights in Plaintiffs' Musical Compositions, including by reproducing, adapting, distributing, and publicly performing Plaintiffs' Musical Compositions.

61.    Each such infringement by Defendants' users of the Musical Compositions, contributed to or induced by Defendants, constitutes a separate and distinct act of infringement.

18

62.     Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiffs.

63.     As a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to damages and to Defendants' profits in amounts to be proven at trial which are not currently ascertainable.  Alternatively, Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C § 504(c).

64.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

65.     As a result of Defendants' acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, Defendants will continue to infringe their rights in the Musical Compositions.  Plaintiffs have no adequate remedy at law.  Plaintiffs are entitled to injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.     For Defendants' profits and for damages in such amount as may be found; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

19

2395822.5

2.    For injunctive relief enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from: (i) directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights (whether now in existence or hereafter created), including without limitation, Plaintiffs' Musical Compositions listed on Schedule A; and (ii) from causing, contributing to, participating in, inducing, or enabling, the infringement of any of Plaintiffs' respective copyrights, including without limitation, Plaintiffs' Musical Compositions listed on Schedule A.

3.    For prejudgment interest according to law.

4.    For Plaintiffs' attorneys' fees and full costs.

5.    For such other and further relief as the Court may deem just and proper.

DATED:   December 10, 2009
          New York, New York

MITCHELL SILBERBERG & KNUPP LLP

By: _Christine Lepera_

Christine Lepera (CL 9311)
12 East 49th Street, 30th Floor
New York, New York 10017
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

Russell J. Frackman (*pro hac vice* motion forthcoming)
Marc E. Mayer (*pro hac vice* motion forthcoming)
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs EMI Blackwood Music, Inc., EMI April Music, Inc., EMI Virgin Music, Inc., Colgems-EMI Music, Inc., EMI Virgin Songs Inc., EMI Gold Horizon Music Corp., EMI U Catalog, Inc., EMI Unart Catalog Inc., Jobete Music Co., Inc., and Stone Diamond Music Corporation, demand a trial by jury.

DATED:   December 10, 2009
          New York, New York

MITCHELL SILBERBERG & KNUPP LLP

By: *Christine Lepera*
    Christine Lepera (CL 9311)
    12 East 49th Street, 30th Floor
    New York, New York 10017
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

    Russell J. Frackman (*pro hac vice* motion
    forthcoming)
    Marc E. Mayer (*pro hac vice* motion
    forthcoming)
    11377 West Olympic Boulevard
    Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
    Facsimile: (310) 312-3100

    *Attorneys for Plaintiffs*

2395822.5

# SCHEDULE A

Schedule A
Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | WRITERS | EXAMPLE ARTIST | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| A Milli | CRAWFORD, SHONDRAE L / CARTER, DWAYNE / FAREED, KAMAL IBN JOHN / JONES-MUHAMMAD, ALI SHAHEED | Lil Wayne | EMI April Music, Inc. | PA 1-646-370 | 10/15/2009 | http://www.vimeo.com/3984800 |
| ABC | MIZELL, ALPHONSO J / PERREN, FREDDIE / LUSSIER, DENNIS / GORDY, BERRY JR | Jackson 5 | Jobete Music Co., Inc. | EP 0-270-975 | 2/27/1970 | http://www.vimeo.com/5525608 |
| Adam's Song | DE LONGE, TOM / HOPPUS, MARK | Blink 182 | EMI April Music, Inc. | PA 1-062-025 (CA to PA 957-349) | 12/28/1999 | http://www.vimeo.com/6012077 |
| Ain't Too Proud to Beg | WHITFIELD, NORMAN J. / HOLLAND, EDWARD, JR. | The Temptations | Jobete Music Co., Inc. | EP 0-216-556 RE 0-673-574 | 5/2/1966 9/23/1994 | http://www.vimeo.com/1782268 |
| All the Small Things | DE LONGE, TOM / HOPPUS, MARK | Blink 182 | EMI April Music, Inc. | PA 1-062-025 | 12/28/1999 | http://www.vimeo.com/1889583 |
| Always Be My Baby | DUPRI, JERMAINE / SEAL, MANUEL LONNIE / CAREY, MARIAH | Mariah Carey | EMI April Music, Inc. | PA 0-767-331 | 12/5/1995 | http://www.vimeo.com/5373444 |
| Are You In? | BOYD, BRANDON CHARLES / EINZIGER, MICHAEL AARON / KATUNICH, ALEX / PASILLAS, JOSE ANTHONY II | Incubus | EMI April Music, Inc. | PA 1-068-162 PA 1-038-508 (CA) | 12/5/2001 3/1/2002 | http://www.vimeo.com/1213764 |
| B.O.B. | SHEATS, DAVID A / PATTON, ANTWAN / BENJAMIN, ANDRE | Outkast | EMI April Music, Inc. | PA 1-039-708 | 1/30/2001 | http://www.vimeo.com/2678194 |
| Bat Country | SANDERS, MATTHEW CHARLES / SULLIVAN, JAMES OWEN / HANER, JR., BRIAN ELWIN / BAKER, ZACHARY JAMES | Avenged Sevenfold | EMI April Music, Inc. | PA 1-162-004 | 6/27/2005 | http://www.vimeo.com/4957139 |
| Beast and the Harlot | SANDERS, MATTHEW CHARLES / SULLIVAN, JAMES OWEN / HANER, JR., BRIAN ELWIN / BAKER, ZACHARY JAMES | Avenged Sevenfold | EMI April Music, Inc. | PA 1-162-005 | 6/27/2005 | http://www.vimeo.com/269940 |
| Because of You | CLARKSON, KELLY / HODGES, DAVID / MOODY, BEN | Kelly Clarkson | EMI Blackwood Music, Inc. | PA 1-161-120 | 4/27/2005 | http://www.vimeo.com/1437698 |
| Big Poppa | WALLACE, CHRISTOPHER / ISLEY, RONALD / ISLEY, RUDOLPH / ISLEY, O'KELLY / ISLEY, ERNIE / ISLEY, MARVIN | Notorious B.I.G. | EMI April Music, Inc. | PA 843-562 | 6/24/1996 | http://www.vimeo.com/4748003 |
| Body Movin' | DIAMOND, MICHAEL LOUIS / YAUCH, ADAM / HOROVITZ, ADAM KEEFE / PUENTE, TITO | Beastie Boys | EMI Virgin Music, Inc. | EP 0-173-704 (Underlying Work) RE 0-523-882 PA 0-756-569 (New Work) | EP 3/22/1963 RE 2/6/1991 PA 2/5/1999 | http://www.vimeo.com/1281945 |

page 1 of 8

## Schedule A
### Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| Composition Title | Writers | Example Artist | Plaintiff | Registration Number | Registration Date | Vimeo URL |
|---|---|---|---|---|---|---|
| Boston | LAYUS, DANIEL / PALOMAR, JARED / ROZENCWAIG, JOSIAH / SOUTH, JUSTIN | Augustana | EMI April Music, Inc. | PA 1-162-841 | 12/2/2005 | http://www.vimeo.com/3877310 |
| Buffalo Soldier | WILLIAMS, NOEL / MARLEY, BOB | Bob Marley | EMI Virgin Music, Inc. | PA 0-198-296 PA 0-725-627 PAu 0-492-275 PAu 0-543-476 | 11/21/1983 8/1/1994 (CA) 3/28/1983 8/19/1983 (CA) | http://www.vimeo.com/3998735 |
| Burn | RAYMOND, USHER / DUPRI, JERMAINE / COX, BRYAN MICHAEL PAUL | Usher | EMI April Music, Inc. | PA 1-159-079 | 4/16/2004 | http://www.vimeo.com/3096691 |
| But It's Better If You Do | URIE, BRENDON / ROSS, RYAN / SMITH, SPENCER / WILSON, BRENT | Panic at the Disco | EMI April Music, Inc. | PA 1-162-936 | 12/12/2005 | http://www.vimeo.com/4186779 |
| Camisado | URIE, BRENDON / ROSS, RYAN / SMITH, SPENCER / WILSON, BRENT | Panic At The Disco | EMI April Music, Inc. | PA 1-162-937 | 12/12/2005 | http://www.vimeo.com/4403667 |
| Can't Knock The Hustle | CARTER, SHAWN C / MILLER, MARCUS / MORGAN, MELISA / WILSON, LESETTE DENISE | Jay-Z | EMI Blackwood Music, Inc. | PA 1-072-927 | 5/17/2002 | http://www.vimeo.com/3304792 |
| Cherry Pie | OSWALD, JOHN / CAGLE, JOEY / DIXON, JERRY / CHAMBERLIN, STEVEN / TURNER, ERIC | Warrant | EMI Virgin Songs, Inc. | PA 0-510-151 | 11/27/1990 | http://www.vimeo.com/5001419 |
| Come Away With Me | JONES, NORAH | Norah Jones | EMI Blackwood Music, Inc. | PA 1-084-684 | 7/15/2002 | http://www.vimeo.com/1928527 |
| Crazy in Love | HARRISON, RICH / CARTER, SHAWN / KNOWLES, BEYONCE / RECORDS, EUGENE | Beyonce | EMI Blackwood Music, Inc. | PA 1-131-132 | 7/9/2003 | http://www.vimeo.com/3012923 |
| Dirt Off Your Shoulder | CARTER, SHAWN C / MOSLEY, TIMOTHY Z | Jay-Z | EMI April Music, Inc. | PA 1-276-117 | 11/12/2002 | http://www.vimeo.com/6643350 |
| Do You Realize? | COYNE, WAYNE / DROZD, STEVEN / IVINS, MICHAEL / FRIDMANN, DAVE | Flaming Lips | EMI Blackwood Music, Inc. | PA 1-104-885 | 1/29/2003 | http://www.vimeo.com/1821954 |
| Don't Forget About Us | DUPRI, JERMAINE / COX, BRYAN MICHAEL PAUL / AUSTIN, JOHNATA M / CAREY, MARIAH | Mariah Carey | EMI April Music, Inc. | PA 1-162-868 | 12/7/2005 | http://www.vimeo.com/2625316 |
| Drive | BOYD, BRANDON CHARLES / EINZIGER, MICHAEL AARON / KATUNICH, ALEX / PASILLAS, JOSE ANTHONY II / KILMORE, CHRISTOPHER E | Incubus | EMI April Music, Inc. | PA 1-040-096 | 8/7/2000 | http://www.vimeo.com/2915153 |
| Everlong | GROHL, DAVE | Foo Fighters | EMI Virgin Songs, Inc. | PA 0-875-688 | 7/24/1997 | http://www.vimeo.com/1436461 |

Schedule A
Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | WRITERS | EXAMPLE ARTIST | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| Everywhere | SHANKS, JOHN M / BRANCH, MICHELLE / BRONLEEWE, MATTHEW / ARBUCKLE, TIFFANY | Michelle Branch | EMI Virgin Music, Inc. | PA 1-071-638 | 1/23/2002 | http://www.vimeo.com/1476936 |
| Fat Lip | WHIBLEY, DERYCK JASON / NORI, GREIG ANDREW / JOCZ, STEVE / BAKSH, DAVE | Sum 41 | EMI April Music, Inc. | PA 1-065-069 | 10/1/2001 | http://www.vimeo.com/247846 |
| Freek'n You | DE GRATE, DONALD EARLE | Jodeci | EMI April Music, Inc. | PA 0-843-530 | 3/29/1996 | http://www.vimeo.com/3385031 |
| First Date | DE LONGE, TOM / HOPPUS, MARK / BARKER, TRAVIS L | Blink 182 | EMI April Music, Inc. | PA 1-051-353 PA 1-157-802 (CA to PA 1-051-353) | 7/2/2001 7/14/2003 (CA to PA 1-051-353) | http://www.vimeo.com/1352338 |
| Friday On My Mind | VANDA, HARRY / YOUNG, GEORGE REDBURN | The Easy Beats | EMI Unart Catalog, Inc. | EP 0-233-655 RE 0-735-136 | EP 4/15/1967 RE 8/16/1996 | http://www.vimeo.com/3616264 |
| Genie in a Bottle | KIPNER, STEPHEN / FRANK, DAVID / SHEYNE, PAMELA | Christina Aguilera | EMI April Music, Inc. | PA 0-982-204 | 12/27/1999 | http://www.vimeo.com/2021311 |
| Ghostbusters | PARKER, RAY ERSKINE JR | Ray Parker Jr. | EMI Gold Horizon Music Corp. | PA 218-114 PA 218-120 (Inst. Version) | 7/13/1984 7/13/1984 (Inst. Version) | http://www.vimeo.com/1421798 |
| Glamorous | WILLIAMS, ELVIS / FERGUSON, STACY / BRIDGES, CHRISTOPHER BRIAN / JONES, JAMAL / ADAMS, WILL | Fergie | EMI Blackwood Music, Inc. | PA 1-166-841 | 1/31/2007 | http://www.vimeo.com/248786 |
| Grillz | DUPRI, JERMAINE / PHILLIPS, JAMES / HAYNES, CORNELL / SLAYTON, PAUL MICHAEL / JONES, ALI IKENYATTA / GIPP, CAMERON F | Nelly | EMI April Music, Inc. EMI Blackwood Music, Inc. | PA 1-160-017 (Underlying Work) PA 1-163-058 (New Work) | 11/24/2004 (Underlying Work) 12/22/2005 (New Work) | http://www.vimeo.com/4125451 |
| Have You Ever | BOYD, BRANDON CHARLES / EINZIGER, MICHAEL AARON / KATUNICH, ALEX / PASILLAS, JOSE ANTHONY II | Incubus | EMI April Music, Inc. | PA 1-068-162 PA 1-038-508 (CA) | PA 12/5/2001 PA 3/1/2002 | http://www.vimeo.com/4435289 |
| Hips Don't Lie | DUPLESSIS, JERRY / JEAN, WYCLEF / PARKER, LATAVIA CHUFON MEBARAK, SHAKIRA / ALFANNO, OMAR / DIAZ, LUIS | Shakira | EMI Blackwood Music, Inc. | PA 1-163-862 | 3/15/2006 | http://www.vimeo.com/5248338 |

page 3 of 8

Schedule A

Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | WRITERS | EXAMPLE ARTIST | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| Hit Em' Up | HITCHINGS, DUANE S / LAMBERT, DENNIS EARLE / GOLDE, FRANNE / SHAKUR, TUPAC | Tupac | EMI Virgin Music, Inc. | PA 0-205-100 (Underlying Work) PA 0-212-356 (CA) PA 0-911-002 (New Work) | PA 3/5/1984 PA 5/15/1984 PA 2/23/1998 | http://www.vimeo.com/4150528 |
| I Can't Help Myself (Sugar Pie Honey Bunch) | HOLLAND, BRIAN / DOZIER, LAMONT HERBERT / HOLLAND, EDWARD, JR. | The Four Tops | Jobete Music Co., Inc. | EP 0-201-377 RE 0-618-214 | 4/15/1965 4/1/1993 | http://www.vimeo.com/3132300 |
| I Hate Everything About You | GONTIER, ADAM / WALST, BRAD / SANDERSON, NEIL / BROWN, GAVIN | Three Days Grace | EMI April Music, Inc. | PA 1-215-642 | 11/13/2003 | http://www.vimeo.com/6154299 |
| I Hate Myself For Loving You | CHILD, DESMOND / JETT, JOAN | Joan Jett | EMI April Music, Inc. | PA 0-419-420 | 6/19/1989 | http://www.vimeo.com/5856820 |
| I Heard It Through the Grapevine | WHITFIELD, NORMAN J. / STRONG, BARRETT | Gladys Knight & the Pips | Jobete Music Co., Inc. | EP 0-220-700 RE 0-678-631 | EP 8/15/1966 RE 10/13/1994 | http://www.vimeo.com/364900 |
| I Miss You | BARKER, TRAVIS L / DE LONGE, TOM / HOPPUS, MARK | Blink 182 | EMI April Music, Inc. | PA 1-198-516 | 12/1/2003 | http://www.vimeo.com/5892403 |
| I Want You Back | PERREN, FREDDIE / MIZELL, ALPHONSO J / GORDY, BERRY JR / LUSSIER, DENNIS | Jackson 5 | Jobete Music Songs, Inc. | EP 0-264-423 RE 0-745-409 | EP 10/23/1969 RE 1/3/1997 | http://www.vimeo.com/214019 |
| I Write Sins Not Tragedies | URIE, BRENDON / ROSS, RYAN / SMITH, SPENCER / WILSON, BRENT | Panic at the Disco | EMI April Music, Inc. | PA 1-162-939 | 12/12/2005 | http://www.vimeo.com/4187130 |
| I'm Your Boogie Man | CASEY, HARRY / FINCH, RICHARD | KC and the Sunshine Band | EMI Virgin Music, Inc. | EU 0-725-440 EP 0-365-996 RE 0-903-890 | EU 10/26/1976 EP 3/16/1977 RE 1/5/2004 | http://www.vimeo.com/3424000 |
| Iris | RZEZNIK, JOHN | Goo Goo Dolls | EMI Virgin Songs, Inc. EMI Blackwood Music, Inc. | PA 0-900-647 | 6/3/1998 | http://www.vimeo.com/3823925 |
| Jane Says | FARRELL, PERRY / NAVARRO, DAVID / AVERY, ERIC ADAM / PERKINS, STEPHEN | Jane's Addiction | EMI Virgin Music, Inc. | PA 0-410-734 | 11/17/1988 | http://www.vimeo.com/4838120 |
| Josie | RAYNOR, SCOTT / HOPPUS, MARK / DE LONGE, TOM | Blink 182 | EMI April Music, Inc. | PA 0-893-365 | 5/7/1998 | http://www.vimeo.com/1683225 |
| Keep It Coming Love | CASEY, HARRY / FINCH, RICHARD | KC and the Sunshine Band | EMI Virgin Music, Inc. | EU 0-725-446 EP 0-369-813 RE 0-903-892 | EU 10/26/1976 EP 6/1/1977 RE 1/5/2004 | http://www.vimeo.com/3510824 |
| La Bamba | VALENS, RITCHIE | Ritchie Valens | EMI Virgin Music, Inc. | EP 0-124-401 RE 0-298-126 | EP 10/11/1958 RE 5/30/1986 | http://www.vimeo.com/1015015 |

Schedule A
Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | WRITERS | EXAMPLE ARTIST | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| Learn To Fly | GROHL, DAVE / MENDEL, NATE / HAWKINS, TAYLOR | Foo Fighters | EMI Virgin Songs, Inc. | PA 0-976-579 | 12/30/1999 | http://www.vimeo.com/2358834 |
| Let's Get Retarded | PAJON, GEORGE JR / ADAMS, WILL / FRATANTUNO, MICHAEL / GOMEZ, JAIME / GRAVES, TERRENCE YOSHIAKI / PINEDA, ALLAN | Black Eyed Peas | EMI Blackwood Music, Inc. | PA 1-158-945 | 3/23/2004 | http://www.vimeo.com/4799923 |
| Lollipop | SCHEFFER, JAMES / GARRETT, STEPHEN ELLIS / CARTER, DWAYNE / ZAMOR, REX FRITZ / HARRISON, DARIUS | Lil Wayne | EMI Blackwood Music, Inc. | PA 1-600-441 | 6/12/2008 | http://www.vimeo.com/4256664 |
| Love In This Club | JENKINS, JAY / RAYMOND, USHER / LOVETT, RYON / JONES, JAMAL / TAYLOR, LAMAR / DALTON, DARNELL / THOMAS, KEITH | Usher | EMI April Music, Inc. EMI Blackwood Music, Inc. | PA 1-602-815 | 7/11/2008 | http://www.vimeo.com/1187654 |
| Love Shack | PIERSON, KATE / SCHNEIDER, FRED / STRICKLAND, KEITH / WILSON, CINDY | B-52's | EMI April Music, Inc. | PA 0-448-774 | 8/1/1989 | http://www.vimeo.com/5777319 |
| Lump | BALLEW, CHRISTOPHER WELDON / DEDERER, DAVID MICHAEL / FINN, JASON S | Presidents of the United States of America | EMI April Music, Inc. | PA 0-779-286 | 2/2/1996 | http://www.vimeo.com/1500344 |
| Miserable | POPOFF, JEREMY A / POPOFF, ALAN JAY / BALDES, KEVIN R / SHELLENBERGER, ALLEN A | Lit | EMI April Music, Inc. | PA 0-951-331 | 5/21/1999 | http://www.vimeo.com/270139 |
| Mony Mony | BLOOM, BOBBY / JAMES, TOMMY / ROSENBLATT, RICHARD / GENTRY, BO | Billy Idol | EMI Virgin Songs, Inc. | EP 0-244-045 RE 0-738-527 | 4/4/1968 9/11/1996 | http://www.vimeo.com/1952208 |
| Ms. Jackson | SHEATS, DAVID A / BENJAMIN, ANDRE / PATTON, ANTWAN | Outkast | EMI April Music, Inc. | PA 1-039-708 | 1/30/2001 | http://www.vimeo.com/5816754 |
| My Girl | WHITE, RONALD / ROBINSON, SMOKEY | The Temptations | Jobete Music Co., Inc. | EP 0-196-315 RE 0-601-304 | 12/15/1964 12/16/1992 | http://www.vimeo.com/384222 |
| My Love | KURSTIN, GREG / GEORGE, INARA | Bird And The Bee | EMI April Music, Inc. | PA 1-631-680 | 2/27/2009 | http://www.vimeo.com/3212317 |
| Never Can Say Goodbye | DAVIS, CLIFTON | Jackson 5 | Jobete Music Co., Inc. | EU 0-187-089 RE 0-772-428 EP 0-281-027 RE 0-772-977 | 6/10/1970 1/2/1998 12/21/1970 1/2/1997 | http://www.vimeo.com/5615884 |
| New Kid In Town | SOUTHER, JOHN DAVID / FREY, GLENN LEWIS / HENLEY, DONALD HUGH | The Eagles | EMI Blackwood Music, Inc. | EU 0-738-281 RE 0-892-863 | EU 12/10/1976 RE 1/5/2004 | http://www.vimeo.com/4854619 |

page 5 of 8

## Schedule A
## Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | EXAMPLE ARTIST | WRITERS | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| Oye Como Va | Carlos Santana | PUENTE, TITO | EMI Virgin Music, Inc. | EP 0-173-704 RE 0-523-882 | 3/28/1963 2/6/1991 | http://www.vimeo.com/3992468 |
| Pain | Three Days Grace | SANDERSON, NEIL / GONTIER, ADAM / WALST, BRAD / BROWN, GAVIN / STOCK, BARRY | EMI Blackwood Music, Inc. | PA 1-164-543 | 7/11/2006 | http://www.vimeo.com/1127250 |
| Papa Was a Rollin Stone | The Temptations | WHITFIELD, NORMAN J. / STRONG, BARRETT | Stone Diamond Music Corp. | EP 0-299-072 RE 0-815-898 | EP 4/1/1972 RE 1/3/2000 | http://www.vimeo.com/2811318 |
| Peaches | The Presidents of The United States of America | BALLEW, CHRISTOPHER WELDON / DEDERER, DAVID MICHAEL / FINN, JASON S | EMI April Music, Inc. | PA 0-779-289 | 2/21996 | http://www.vimeo.com/350903 |
| Pink Panther - Theme | Henry Mancini | MANCINI, HENRY | EMI U Catalog, Inc. | EU 0-802-104 RE 0-531-574 | 12/9/1963 3/25/1991 | http://www.vimeo.com/1283346 |
| Roam | B-52's | PIERSON, KATE / SCHNEIDER, FRED / STRICKLAND, KEITH / WILSON, CINDY / WALDROP, ROBERT | EMI April Music, Inc. | PA 0-448-776 | 8/1/1989 | http://www.vimeo.com/3823517 |
| Rock the Boat | Aaliyah | GARRETT, STEPHEN / SEATS, ERIC / STEWART, RAPTURE | EMI April Music, Inc. | PA 1-059-155 | 9/4/2001 | http://www.vimeo.com/3974655 |
| Seize The Day | Avenged Sevenfold | SANDERS, MATTHEW CHARLES / SULLIVAN, JAMES OWEN / HANER, JR., BRIAN ELWIN / BAKER, ZACHARY JAMES | EMI April Music, Inc. | PA 1-162-009 | 6/27/2005 | http://www.vimeo.com/1636253 |
| Semi Charmed Life | Third Eye Blind | JENKINS, STEPHAN | EMI Blackwood Music, Inc. | PA 0-797-856 PA 0-913-999- | 8/25/1997 12/2/1998 | http://www.vimeo.com/1654148 |
| Shake It Off | Mariah Carey | DUPRI, JERMAINE / COX, BRYAN MICHAEL PAUL / AUSTIN, JOHNATA M / CAREY, MARIAH | EMI April Music, Inc. | PA 1-161-182 | 4/28/2005 | http://www.vimeo.com/5789010 |
| She Don't Use Jelly | The Flaming Lips | COYNE, WAYNE / IVINS, MICHAEL / DROZD, STEVEN / JONES, RONALD | EMI Blackwood Music, Inc. | PA 0-797-944 | 6/12/1996 | http://www.vimeo.com/1735462 |
| Sober | Tool | KEENAN, MAYNARD JAMES / JONES, ADAM / CAREY, DANIEL / D'AMOUR, PAUL | EMI Virgin Music, Inc. | PA 0-628-773 | 7/28/1993 | http://www.vimeo.com/1745972 |
| Song Cry | Jay-Z | CARTER, SHAWN C / GIBBS, DOUGLAS / JOHNSON, R. / SMITH, JUSTIN GREGORY | EMI Blackwood Music, Inc. | PA 1-038-349 | 11/6/2001 | http://www.vimeo.com/3304792 |
| Stars and Boulevards | Augustana | LAYUS, DANIEL / PALOMAR, JARED / ROZENCWAJG, JOSIAH / SOUTH, JUSTIN | EMI April Music, Inc. | PA 1-162-849 | 12/2/2005 | http://www.vimeo.com/453078 |
| Still Waiting | Sum 41 | WHIBLEY, DERYCK JASON / NORI, GREIG ANDREW | EMI April Music, Inc. | PA 1-104-692 | 1/8/2003 | http://www.vimeo.com/2509097 |

Schedule A

Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | WRITERS | EXAMPLE ARTIST | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| Stop | FARRELL, PERRY / NAVARRO, DAVID / AVERY, ERIC ADAM / PERKINS, STEPHEN | Jane's Addiction | EMI Blackwood Music, Inc. | PA 0-495-276 | 9/25/1990 | http://www.vimeo.com/3875033 |
| Stop In The Name of Love | HOLLAND, BRIAN / DOZIER, LAMONT HERBERT / HOLLAND, EDWARD, JR. | Diana Ross | Jobete Music Co., Inc. | EP 0-197-655 RE 0-618-204 | EP 1/15/1965 RE 4/1/1993 | http://www.vimeo.com/2686875 |
| Stray Cat Strut | SETZER, BRIAN | Stray Cats | EMI Virgin Music, Inc. | PA 0-168-000 | 11/15/1982 | http://www.vimeo.com/1602648 |
| Sunrise | ALEXANDER, LEE / JONES, NORAH | Norah Jones | EMI Blackwood Music, Inc. | PA 1-158-822 | 3/4/2004 | http://www.vimeo.com/2127641 |
| Superman | ONDRASIK, JOHN | Five For Fighting | EMI Blackwood Music, Inc. | PA 1-029-927 | 12/12/2000 | http://www.vimeo.com/4419272 |
| The Hunter Gets Captured By The Game | ROBINSON, SMOKEY | Marvelettes | Jobete Music Co., Inc. | EP 0-225-705 RE 0-678-620 | EP 12/11/1966 RE 10/13/1994 | http://www.vimeo.com/2489322 |
| The Rock Show | DE LONGE, TOM / HOPPUS, MARK / BARKER, TRAVIS L | Blink 182 | EMI April Music, Inc. | PA 1-051-353 PA 1-157-802 (CA to PA 1-051-353) | PA 7/2/2001 PA 7/14/2003 | http://www.vimeo.com/5483316 |
| The Widow | RODRIGUEZ, OMAR / BIXLER, CEDRIC | Mars Volta | EMI April Music, Inc. | PA 1-161-249 | 5/3/2005 | http://www.vimeo.com/3797034 |
| There's A Good Reason These Tables Are Numbered | URIE, BRENDON / ROSS, RYAN / SMITH, SPENCER / WILSON, BRENT | Panic At The Disco | EMI April Music, Inc. | PA 1-162-944 | 12/12/2005 | http://www.vimeo.com/4287010 |
| To Be With You | GRAHAME, DAVID RICHARD / MARTIN, ERIC LEE | Mr. Big | EMI April Music, Inc. | PA 0-542-741 | 8/28/1991 | http://www.vimeo.com/3964592 |
| Toxic | DENNIS, CATHY / KARLSSON, CHRISTIAN / WINNEBERG, PONTUS / JONBACK, HERIK | Britney Spears | Colgems-EMI Music, Inc. | PA 1-158-179 | 12/1/2003 | http://www.vimeo.com/3623713 |
| Underneath Your Clothes | MENDEZ, LESTER A / MEBARAK, SHAKIRA | Shakira | EMI Blackwood Music, Inc. | PA 1-058-060 | 1/23/2002 | http://www.vimeo.com/4901759 |
| Unholy Confessions | SANDERS, MATTHEW CHARLES / HANER, JR., BRIAN ELWIN / SULLIVAN, JAMES OWEN / BAKER, ZACHARY JAMES | Avenged Sevenfold | EMI April Music, Inc. | PA 1-224-367 | 6/8/2004 | http://www.vimeo.com/2361973 |
| Unwritten | BRISEBOIS, DANIELLE / BEDINGFIELD, NATASHA / RODRIGUES, WAYNE | Natasha Bedingfield | EMI Blackwood Music, Inc. | PA 1-162-074 | 7/28/2005 | http://www.vimeo.com/130432 |

Schedule A

Representative Infringements of Plaintiffs' Copyrighted Musical Compositions

| COMPOSITION TITLE | WRITERS | EXAMPLE ARTIST | PLAINTIFF | REGISTRATION NUMBER | REGISTRATION DATE | VIMEO URL |
|---|---|---|---|---|---|---|
| We Be Burnin' | THOMAS, DELANO / JARRETT, MICHAEL PATRICK / MARSH, CRAIG SERANI / CUNNINGHAM, CEZAR / MARSDEN, STEVEN / HENRIQUES, SEAN PAUL | Sean Paul | EMI April Music, Inc. | PA 1-162-489 | 10/4/2005 | http://www.vimeo.com/13578 |
| We Belong Together | DUPRI, JERMAINE / SEAL, MANUEL LONNIE / AUSTIN, JOHNATA M / CAREY, MARIAH / SULLY, SANDRA / MOTEN, PATRICK L / WOMACK, BOBBY | Mariah Carey | EMI April Music, Inc. | PA 1-162-027 (CA to PA 957-349) | 7/7/2005 | http://www.vimeo.com/5788320 |
| What's My Age Again | DE LONGE, TOM / HOPPUS, MARK | Blink 182 | EMI April Music, Inc. | EP 0-210-347 | 12/28/1999 | http://www.vimeo.com/5835088 |
| Wild Thing | TAYLOR, CHIP | Chip Taylor | EMI Blackwood Music, Inc. | EP 0-210-347 RE 12/6/1993 | EP 11/15/1965 | http://www.vimeo.com/3289720 |
| Wish You Were Here | BOYD, BRANDON CHARLES / EINZIGER, MICHAEL AARON / KATUNICH, ALEX / PASILLAS, JOSE ANTHONY II | Incubus | EMI April Music, Inc. | PA 1-068-162 | 12/5/2001 | http://www.vimeo.com/390189 |
| You Can't Hurry Love | HOLLAND, EDWARD, JR. / HOLLAND, BRIAN / DOZIER, LAMONT HERBERT | Diana Ross and the Supremes | Jobete Music Co., Inc. | EP 0-203-456 RE 0-618-222 | 6/1/1965 4/1/1993 | http://www.vimeo.com/4563762 |

page 8 of 8