UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v <br><br> VIMEO, LLC d/b/a VIMEO.COM, *et al.*, <br><br> Defendants. | CASE NO. 09 CV 10101 (RA) |
| EMI BLACKWOOD MUSIC, INC., *et al.*, <br><br> Plaintiffs, <br><br> v <br><br> VIMEO, LLC d/b/a VIMEO.COM, *et al.*, <br><br> Defendants. | CASE NO. 09 CV 10105 (RA) <br><br><br> **DECLARATION OF JESSICA A. ROSE** |

I, Jessica A. Rose, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendants Vimeo, LLC d/b/a Vimeo.com and Connected Ventures, LLC, (collectively, "Vimeo"). I submit this declaration in further support of Defendants' Motion for Summary Judgment Pursuant to the DMCA Safe Harbor and in opposition to Plaintiffs' Motion for Partial Summary Judgment.

2. On or about September 2, 2010, Vimeo requested the return or destruction of an inadvertently produced document bearing Bates number JL 241-246, which contained privileged information, and requested it be replaced with a redacted version of the same document, pursuant to the Protective Order entered in this action on June 1, 2010 [Dkt #26]. In a letter dated October 7, 2010, Plaintiffs requested clarification of Vimeo's bases for clawing back the document. Vimeo responded to Plaintiffs' inquiry in a letter dated October 25, 2010, further

explaining the bases for requesting return or destruction of the inadvertently produced document. Plaintiffs never responded to Vimeo's October 25 letter and thus waived any objection to Vimeo's clawing back of the document at issue. Plaintiffs therefore cannot rely on the privileged information redacted from this document in connection with the motions currently pending before the Court. Notwithstanding the foregoing, Plaintiffs have submitted the document to the Court as exhibits to the depositions of Jakob Lodwick (Ex. 25) and Moshe Koyfman (Ex. 349). Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' October 7 letter to Vimeo. Attached hereto as **Exhibit 2** is a true and correct copy Vimeo's October 25 letter in response. Attached hereto as **Exhibit 3** is a true and correct copy of a redacted version of JL 241-246.

3. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the deposition testimony of Blake Whitman, taken on November 2, 2010.

4. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the deposition testimony of Andrea Allen, taken on October 26, 2010.

5. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition testimony of Michael Cheah, taken on November 12, 2010.

6. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the deposition testimony of Jacob Lodwick, taken on August 12, 2010.

7. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition testimony of Moshe Koyfman, taken on January 13, 2011.

8. Attached hereto as **Exhibit 9** is a true and correct copy of excerpts from the deposition testimony of Andrew Pile, taken on November 12, 2010.

9. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the deposition testimony of Dalas Verdugo, taken on November 15, 2010.

10. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the deposition testimony of Zach Klein, taken on August 13, 2010.

11. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the deposition testimony of Dae Mellencamp, taken on February 18, 2011.

12. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the deposition testimony of Ellis Horowitz, taken on March 7, 2011.

13. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the deposition testimony of Alasdair McMullan, taken on November 23, 2010.

14. Attached hereto as **Exhibit 15** is a true and correct copy of a document bearing Bates numbers EMI 00880-81 produced by Plaintiffs in this action and labeled Exhibit 418-E at the deposition of Dae Mellencamp, taken February 18, 2011.

15. Attached hereto as **Exhibit 16** is a true and correct copy of documents bearing Bates numbers VCV005207, VCV005354, VCV005418, VCV005680, VCV006198, VCV023214, VCV024327, VCV033478, VCV034109, VCV034145, VCV036698, VCV037208, VCV037383, VCV006970, VCV007754, VCV006969, VCV003838, VCV004455, VCV004630, VCV005562, VCV006541, VCV006643, VCV006653, VCV006885, VCV007176, VCV007238, VCV007288, VCV007536, VCV024301, VCV027593, VCV028398, VCV028957, VCV028966, VCV029030, VCV029617 and VCV029805  produced by Defendants in this action.

16. Attached hereto as **Exhibit 17** is a true and correct copy of documents bearing Bates numbers VCV007141, VCV007138, VCV006850 and VCV00627 produced by Defendants in this action.

17. Attached hereto as **Exhibit 18** is a true and correct copy of documents bearing Bates numbers VCV015680, VCV015691, VCV015699, VCV015782, VCV015792, VCV027451, VCV027491 and VCV027772 produced by Defendants in this action.

18. Attached hereto as **Exhibit 19** is a true and correct copy of a document bearing Bates numbers EMI 00515-518 produced by Plaintiffs in this action

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED: November 16, 2012
New York, New York

_____
Jessica A. Rose