UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; VIRGIN RECORDS AMERICA, INC., a California Corporation,<br><br>Plaintiffs,<br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NOS.   09 CV 10101 (RA)<br>                         09 CV 10105 (RA)<br><br>**DECLARATION OF MARC E. MAYER (1) IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (2) IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| EMI BLACKWOOD MUSIC, INC., a Connecticut Corporation; EMI APRIL MUSIC, INC., a Connecticut Corporation; EMI VIRGIN MUSIC, INC., a New York Corporation; COLGEMS-EMI MUSIC, INC., a Delaware Corporation; EMI VIRGIN SONGS, INC., a New York Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG, INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO., INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation,<br><br>Plaintiffs,<br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>Defendants. | |

I, Marc E. Mayer, the undersigned, hereby declare as follows.

1. I am an attorney at law, duly licensed to practice law in the State of California. I have been admitted to this Court *pro hac vice* in connection with this action. I am, through my professional corporation, a partner at the law firm Mitchell Silberberg & Knupp LLP, counsel of record for Plaintiffs. I know all of the following of my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2. On or about May 12, 2010, my office served a subpoena for the production of documents by, and deposition of, Vimeo's founder Jakob Lodwick. The date set for production and deposition was June 16, 2010. Shortly thereafter, I was notified by Defendants' counsel that they would be representing Mr. Lodwick in connection with the subpoena, and by agreement of the parties, the dates for production of documents and deposition were extended for several weeks. On July 27, 2010, Defendants' counsel (representing Mr. Lodwick) produced the document bearing bates numbers JL 241-246.

3. On August 12, 2010, my office took the deposition of Jakob Lodwick. Mr. Lodwick was represented at his deposition by two lawyers from the Quinn Emanuel firm (also representing Vimeo), Robert Raskopf and Jessica Rose. At the deposition, the document JL 241-246 was marked as Exhibit 25. Mr. Lodwick was questioned about the document. During that questioning, no objections were raised by either of Vimeo's attorneys to the document or to Plaintiffs' questioning of Mr. Lodwick concerning the document. It was not until September 27, 2010 (five weeks later), that Vimeo raised any objection to the inclusion or use of the document in the deposition, at which time Vimeo wrote a letter to the Court Reporter requesting that she destroy all copies of Exhibit 25 and redact certain portions of the deposition referring to that document. I immediately advised the Court Reporter (with a copy to Vimeo's counsel) that we

1

did not consent to any such replacement or redaction. A true and correct copy of my September 27 e-mail is attached hereto as Exhibit 1. On October 7, 2010, I wrote a letter to Vimeo's counsel confirming to Vimeo in writing that Plaintiffs would not agree to return or destroy the document and did not see any basis for a privilege claim. Plaintiffs' position concerning this document – specifically, that the document was not privileged and would not be returned without a ruling from the court -- was again confirmed at the January 11, 2011, deposition of Moshe Koyfman, at which time the document was marked as Exhibit 349.

4. Notwithstanding that Vimeo has been aware of Plaintiffs' position concerning JL 241-246 (Exhibit 25 to the Lodwick deposition) since no later than September 27, 2010 – more than two years ago -- Vimeo has never filed a motion with the Court for return of the document, even though that is the procedure set forth in Paragraph 9 of the Stipulated Protective Order. Mr. Lodwick also has never sought return or redaction of the document, which he produced with the assistance of counsel.

5. On November 2, 2010, Plaintiffs took the deposition of Blake Whitman in this action. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the Blake Whitman deposition, which were provided to my office by the court reporter.

6. On November 5, 2010, Plaintiffs took the deposition of Dalas Vergudo in this action. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the Dalas Verdugo deposition, which were provided to my office by the court reporter.

7. On November 12, 2010, Plaintiffs took the deposition of Michael Cheah in this action. Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the Michael Cheah deposition, which were provided to my office by the court reporter.

5027081.1/37182-00017

8.  On June 29, 2011, Plaintiffs took the deposition of Defendants' expert, Pierre Moulin, in this action. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the Pierre Moulin deposition, which were provided to my office by the court reporter.

9.  Attached hereto as Exhibit 6 is a document bearing bates number VCV041364, which was produced by Vimeo in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California this 21st day of December, 2012.

_____
Marc E. Mayer