UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; VIRGIN RECORDS AMERICA, INC., a California Corporation,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>　　　　　　　　Defendants. | CASE NOS. 09 CV 10101 (RA)<br>　　　　　　09 CV 10105 (RA)<br><br>**PLAINTIFFS' REPLY TO VIMEO'S RESPONSE TO PLAINTIFFS' POST-REMAND SUPPLEMENTAL STATEMENT OF UNDISPUTED AND/OR GENUINELY DISPUTED MATERIAL FACTS (1) IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (2) IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| EMI BLACKWOOD MUSIC, INC., a Connecticut Corporation; EMI APRIL MUSIC, INC., a Connecticut Corporation; EMI VIRGIN MUSIC, INC., a New York Corporation; COLGEMS-EMI MUSIC, INC., a Delaware Corporation; EMI VIRGIN SONGS, INC., a New York Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG, INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO., INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>VIMEO, LLC d/b/a VIMEO.COM, a Delaware Limited Liability Company; CONNECTED VENTURES, LLC, a Delaware Limited Liability Company, and DOES 1-20, inclusive,<br><br>　　　　　　　　Defendants. | |

9209443.1

Plaintiffs Capitol Records, LLC, Caroline Records, Inc., Virgin Records America, Inc., EMI Blackwood Music, Inc., EMI April Music, Inc., EMI Virgin Music, Inc., Colgems-EMI Music, Inc., EMI Virgin Songs, Inc., EMI Gold Horizon Music Corp., EMI U Catalog, Inc., EMI Unart Catalog Inc., Jobete Music Co., Inc., and Stone Diamond Music Corporation (collectively, "Plaintiffs") set forth herein their Reply to Vimeo's[1] Response to Plaintiffs' Post-Remand Supplemental Statement of Undisputed and/or Genuinely Disputed Material Facts (1) in Support of Plaintiffs' Motion for Partial Summary Judgment, and (2) in Opposition to Defendants' Motion for Summary Judgment ("SSUF" or "Supplemental SUF"). [2]

### Introduction and Response to Vimeo General Objections

As was the case for Plaintiffs' original Statement of Facts, Vimeo has not disputed many of the key facts set forth in Plaintiffs' Supplemental SUF that support a finding of a triable issue as to Vimeo's red-flag knowledge with respect to the 307 videos at issue (the "Videos"). Vimeo also purports to dispute various of Plaintiffs' facts without specifying any basis for material dispute, without articulating any reason a particular statement is allegedly "unsupported," and in many instances alleging a dispute through peripheral facts and arguments that do not controvert Plaintiffs' statements. Vimeo also objects that statements addressing the range of facts and circumstances relating to unauthorized use of copyrighted music on the Vimeo website (including by Vimeo employees) are "immaterial." Vimeo Response at 4-5. These facts are directly relevant to the objective standard of red flag knowledge, *i.e.* "whether the provider was

---

[1] Unless otherwise noted, "Vimeo" and "Defendants" are used herein collectively (as in Plaintiffs' statements and by Defendants themselves) to denote Defendants Vimeo, LLC and Connected Ventures, LLC, as well as the Vimeo Website located at Vimeo.com.

[2] Vimeo's November 2012 responses to Plaintiffs' original Statement of Undisputed Facts (Dkt. 72, "original SUF") can be found at Docket No. 78. Plaintiffs' December 2012 reply in support of their original SUF, including a summary of key undisputed facts and responses to Defendants' purported disputes, can be found at Docket No. 104.

subjectively aware of facts that would have made the specific infringement 'objectively' obvious to a reasonable person."[3]

<strong><u>Vimeo's Admissions and Plaintiffs' Reply to Purported "Disputes"</u></strong>

Plaintiffs attach below two charts denoted Exhibits A and B. The first is a chart listing a selection of key statements (but not the only ones) that Vimeo does not dispute. The second is a chart setting forth why Vimeo's purported disputes with various facts do not in fact create a material dispute. These materials are provided to aid the Court in its evaluation of whether there exist genuine issues in dispute as to Vimeo's assertion of DMCA immunity as to the 307 Videos at issue, and need only be considered to the extent the Court so wishes.

### I.      Facts Not Disputed By Vimeo

In responding to Plaintiffs' Supplemental Statement of Facts, Vimeo has affirmed or re-affirmed that they do not dispute more than ***130*** of Plaintiffs' primary statements material to Vimeo's red-flag knowledge of infringement, as well as willful blindness. Certain of these facts are attached and set forth in **Exhibit A**. Additionally, Defendants appear not to dispute, albeit confusingly, facts regarding more than ***60*** Vimeo employees who "liked" and commented on the Videos at issue. *See* SSUF at ¶ 29 and Vimeo Response thereto. All of these facts (and many others) are undisputed for purposes of the parties' post-remand submissions.

### II.     Facts Purportedly Disputed By Vimeo

Vimeo purports to dispute approximately 40 of the numbered statements in Plaintiffs' Supplemental SUF, as well as various sub-parts of facts. Vimeo's purported disputes typically are unsupported, improper, and fail to controvert Plaintiffs' statement or articulate any actual

---

[3] Defendants also complain that Plaintiffs' Supplemental Statement did not inform the Court of occasions when Defendants previously stated that facts were "not disputed" but also raised various objections, or stated that facts were "not disputed for the purposes of this motion." Response at 2-4. Plaintiffs acknowledge that Vimeo raised objections and/or conceded facts only for the purposes of this motion.

9209443.1

dispute, and incorrectly brand Plaintiffs' statements as "immaterial." Plaintiffs' specific responses to Vimeo's alleged disputes are set forth in the attached **Exhibit B.**

In many instances, Vimeo points to materials and claims that are irrelevant to Plaintiffs' statements. In others, Vimeo purports to generate a dispute by pointing only to the self-serving declarations of employee witnesses, prepared for Vimeo's earlier opposition papers, or to equally self-interested, conclusory assertions made by Vimeo witnesses in deposition, typically in a manner that does no better at controverting the statements at issue . Such "evidence" is frequently inadmissible and/or patently misleading, is contradicted by other testimony and evidence in the record, and does not create a genuine dispute. Even were they credited, however, such alleged "disputes" would point only to competing versions of the facts – and to inferences reasonably drawn from the facts – that are not resolvable upon summary judgment.

| | |
|---|---|
| DATED:  August 31, 2017<br>             New York, New York | MITCHELL SILBERBERG & KNUPP LLP<br><br>By:     /s/ Russell J. Frackman<br>     Russell J. Frackman (*pro hac vice*)<br>     Marc E. Mayer (*pro hac vice*)<br>     11377 West Olympic Boulevard<br>     Los Angeles, California 90064-1683<br>     Telephone: (310) 312-2000<br><br>     Christine Lepera (ctl@msk.com)<br>     12 East 49th Street, 30th Floor<br>     New York, New York 10017<br>     Telephone: (212) 509-3900<br><br>     *Attorneys for Plaintiffs* |