EXHIBIT B

# Plaintiffs' Responses to Vimeo's Alleged Factual Disputes

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **5.**   Plaintiffs' original SUF ¶48 (not disputed by Vimeo):  Present or former Vimeo members of Vimeo's Community Team [as of late 2012] include Blake Whitman (now vice president in charge of community and product), Dalas Verdugo, Andrea Allen, Daniel Hayek, Sam Morrill, Steve Niebauer, and Matt Schwarz. "Community Assistants" or "Interns" who have worked under the supervision of Community Team members include Julia Heffernan (a/k/a Julia Quinn) and Caitlin Opperman[n].  Other present or former members of Vimeo Staff include Dae Mellencamp (Vimeo's current president and its chief manager between January 2009 and March 2012), Andrew Pile (currently Vimeo's vice president of product and development), Deborah Szajngarten, Kevin Sheurs,  and Sockyung (a/k/a "Soxiam" or "Sox") Hong. | *The first sentence is not disputed.  The second sentence is disputed, as it is not supported by the cited evidence.  While it is not disputed that Dae Mellencamp was Vimeo's president as of November 2012 and that Andrew Pile was Vimeo's vice president of product and development as of November 2012, neither is a current employee of Vimeo.  See Post-Remand Supplemental Declaration of Todd Anten ("Anten Supp. Decl."), ¶ 3 & Ex. 2 (both designated "alum"); infra ¶ 35 ("former Vimeo president").* | Defendants' response specifies no basis for a factual dispute, much less a material one.  Defendants do not dispute the first sentence, and previously stated in 2012 they did not dispute Plaintiffs' original SUF ¶48, including with respect to Vimeo's then-president Dae Mellencamp and then-vice president of product and development Andrew Pile. |
| **6.**   The Summary Chart attached as Exhibits B and C to the current declaration of James Berkley presents information regarding 307 videos, including 318 claims of infringement encompassed in those videos.  As the Summary Chart reflects, often more than one Vimeo employee interacted with a particular video, and often a single video was | <u>*Disputed.*</u>  *This entire statement is immaterial to any issues before the Court. See supra Part C.  The first sentence is not disputed for the purposes of this motion. See supra Part B.  The second sentence is disputed to the extent that Plaintiffs do not define what constitutes "interacted," and is vague, imprecise, and improperly* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Moreover, the facts that certain videos were viewed and interacted with by multiple employees and that particular employees interacted with multiple infringing Videos are hardly "immaterial," as they are capable of giving |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| "interacted" with by employees in more than one way.  Post-Remand Second Supplemental Declaration of James D. Berkley ("Berkley 2nd Suppl. Decl."), ¶¶1-18 & Exs. A-O; Post-Remand Supplemental Declaration of Russell J. Frackman ("Frackman Suppl. Decl."), ¶¶1-7 & Exs. A-F.[1] | *characterizes the information presented (e.g., referring to what "often" happened). See, e.g., Franco v. Ideal Mortg. Bankers, Ltd., 2011 WL 317971, at \*3 (E.D.N.Y. Jan. 28, 2011) ("Plaintiffs' purported 'undisputed facts' sometimes resort to vague, conclusory language that ignores serious evidentiary ambiguities."). The non-argumentative, factual information in the Summary Chart, to the extent not disputed, speaks for itself.  See Post-Remand Second Supplemental Declaration of James D. Berkley ("Berkley 2d Suppl. Decl."), Ex. B.*[fn3]<br><br>*fn.3: Repeatedly throughout their Supplemental Statement of Facts, Plaintiffs refer to the Summary Chart attached as Exhibit B to the Berkley 2d Supp. Decl.  See, e.g., infra ¶¶ 6, 7, 18, 19, 21, 26, 27, 28(a)-(rrr), 29(a)-(z), 36-38, 61, 70, 77, 83, 84, 87, 88, 116, 118, 122, 123, 135-138.  This Summary Chart contains 319 rows and 35 columns, resulting in over 11,000 individual cells (many of which contain multiple pieces of information).  See also Berkley 2d Supp. Decl., Ex. C (pdf version, 108 pages long).  In their submission, Plaintiffs do not direct the Court (or Vimeo) to any specific cell, or to any specific page of the pdf, instead every time citing the entirety of the Summary* | rise to numerous inferences concerning Vimeo's knowledge with respect to these videos.<br><br>Defendants purport to dispute only the second sentence and only with respect to terms "interacted" and "often," conceding that the "[t]he non-argumentative, factual information in the Summary Chart, to the extent not disputed, speaks for itself."<br><br>The term "interacted" has been used throughout this Court's prior rulings (*see, e.g.*, Capitol Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 543-556), and Defendants elsewhere admit that in more than 80 instances, more than one Vimeo employee "liked" the same video, and that several videos were liked by more than 10 employees. (SSUF ¶ 18, not disputed by Vimeo.)  Defendants identify no specific dispute with respect to the multiple types of interaction identified for videos on the Summary Chart.<br><br>With respect to Defendants' footnote 3, Defendants do not (and cannot) point to any instance where it is not logical which of the labelled columns and rows in Plaintiffs' Summary Chart, explained in the Second Supplemental Declaration of James Berkley, are implicated by any particular statement of fact, or where it is not clear from the |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *Chart. While Vimeo has engaged in a good-faith effort to review the Summary Chart, the Court may also choose to disregard all paragraphs that rely on the Summary Chart for failure to sufficiently specify where the supporting evidence may be found. In addition, Vimeo objects to the Summary Chart to the extent it does not accurately reflect the underlying information, presents legal argument, or otherwise itself improperly incorporates Plaintiffs' Supplemental Statement of Undisputed Facts.* | Summary Chart which particular Videos are consequently at issue, including for SSUF ¶ 6 or any other paragraph where Defendants make such an objection. Defendants' objection is therefore without merit other than for its concession that Plaintiffs have organized "over 11,000 cells" and "multiple pieces of information" for the Courts' and Defendants' review. |
| 7.    The videos at issue contained the copyrighted sound recordings and copyrighted musical compositions reproduced entirely or in substantial portion and without modification. Generally, the music constituted the only audio in the video or, combined with other commercial music, was the only audio in the video (or was very nearly so), and the music was played throughout all or most of the video, starting at or near its beginning. In nearly all cases, the actual music used was described on the video web page, in the video itself, or in both places. Frackman Suppl. Decl., ¶3 & Ex. B (EMIVID_00001-00306); id., Exs. D, F; Berkley 2nd Suppl. Decl., ¶¶1-5 & Ex. A-C (including Summary Chart). | <u>*Disputed.*</u> *This entire statement is immaterial to any issues before the Court. See supra Part C. This statement is disputed to the extent that it is vague, imprecise, and improperly characterizes information, such as whether use of music in a video was "substantial," and vague descriptions such as "generally," "nearly," and "almost." Plaintiffs also fail to define what they consider to be "commercial music." See, e.g., Franco v. Ideal Mortg. Bankers, Ltd., 2011 WL 317971, at \*3 (E.D.N.Y. Jan. 28, 2011) ("Plaintiffs' purported 'undisputed facts' sometimes resort to vague, conclusory language that ignores serious evidentiary ambiguities."); Anten Supp. Decl., Ex. 9, Deposition of Moshe Koyfman ("Koyfman Depo.") at* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Moreover, the assertion that the manner in which the copyrighted works were used in the Videos is "immaterial" to Vimeo's red-flag knowledge is not supportable, particularly in light of other evidence and admissions that the videos were viewed. *See, e.g.,* Defendants' August 16, 2017 memorandum at 2; Anten Suppl. Decl. Exs. 1 & 1-A at Column D; SSUF ¶¶ 15, 22 (not disputed). Defendants' purported "dispute" appears to rely wholly on their assertion that terms such as "substantial," "generally," "nearly," and "commercial music," are vague, imprecise, or undefined (or that they "improperly characterize[] information"). It further relies |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *102:14-103:3 ("I don't know what commercial music means"); Anten Supp. Decl., Ex. 11, Deposition of Jonathan Marcus ("Marcus Depo.") at 84:4-8 ("What do you mean by commercial?"). See also supra n.3. To the extent not specifically disputed, the use of music in each Video-in-Suit speaks for itself; Vimeo respectfully directs the Court to the underlying Videos-in-Suit and their associated Vimeo pages for such determinations. See Post-Remand Supplemental Declaration of Russell J. Frackman ("Frackman Supp. Decl."), Exs. B & C.* | on a case that is not germane, involving a statement of facts relying on a lone word of testimony taken from context. Although the videos and Plaintiffs' Summary Chart speak for themselves, Defendants elsewhere do not dispute that nearly all of the videos were accompanied by descriptions or "credits" of the music used, and that the music was typically used in substantial portion and from the beginning of the video. *See, e.g.,* SSUF ¶¶ 61, 135-137 (not disputed by Vimeo). |
| **14.** Vimeo executive Dae Mellencamp agreed in deposition testimony that the number of "likes" indicated via her Vimeo profile page indicated videos that she had "watched and designated." Deposition of Dae Mellencamp ("Mellencamp Depo.") [Frackman Decl., Ex. 10] (Dkt. 89-7) at 74:17-77:13 & Depo. Ex. 408 (Dkt. 95-5). | <u>*Disputed.*</u> *The statement is immaterial to any issues before the Court. See supra Part C. In addition, the statement is not supported by the evidence cited by Plaintiffs. Frackman Decl., Ex. 10 [Dkt. 89-7] at 77:5-9 ("I <u>assume</u> so.") (emphasis added). In addition, for completeness, the fact that a user "liked" a video does not necessarily mean he or she has watched all or even part of the video. Supp. Pile Decl., ¶ 10.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Defendants appear to contend that Plaintiffs' statement is "unsupported" because Ms. Mellencamp responded, "I assume so" when asked whether the number of videos identified as "liked" on her profile page were ones that she had "watched and designated." Asked in follow-up if "that seemed like a wrong number to you or...," she further responded "No." Ms. Mellencamp's response accepted the proposed characterization that the number of "likes" on her profile page reflected videos she had "watched and designated." As with other employees, her |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | acceptance that the videos she "liked" were videos she watched is not "immaterial." |
| **17.**　Plaintiffs' original SUF ¶345 (not disputed by Vimeo):  Since [i.e. after] this lawsuit was filed, Vimeo Staff members [] continued to "like" and provide comments on videos containing Plaintiffs' musical works, and [by late 2012] at least 35 additional examples of likes and comments by Vimeo Staff [had] been identified on videos containing Plaintiffs' musical works uploaded to the Vimeo Website. | _Disputed._　Plaintiffs' original SUF ¶ 345 does not contain the statement presented.　To the extent that Plaintiffs made a typographical error and intended to cite Plaintiffs' original SUF ¶ 344, Vimeo's response is:  Not disputed for the purposes of this motion, see supra Part B, but immaterial to any issues before the Court, see supra Part C.  In addition, the fact that a user "liked" a video does not necessarily mean he or she has watched all or even part of the video.  Supp. Pile Decl., ¶ 10. | There is no dispute.  Defendants correctly note that the fact previously admitted by Vimeo was SUF ¶344 (as opposed to 345), and state the asserted fact is not disputed.  The fact that Vimeo employees continued to "like" and comment on videos containing Plaintiffs' works following the initiation of this lawsuit (including videos that were later included in Plaintiffs' Amended Schedules) is hardly "immaterial" to Vimeo's knowledge, including its red-flag knowledge and/or willful blindness with respect to the Videos. |
| **20.**　Vimeo Community Team member Dalas Verdugo testified that a comment made by him on a video would indicate that he had watched the video.  Verdugo Depo. (Dkt. 89-2) at 247:14-24. | _Disputed._　The statement is immaterial to any issues before the Court.  See supra Part C.  In addition, the statement is not supported by the evidence cited by Plaintiffs, as Mr. Verdugo's testimony was limited to a particular comment on a particular video, not a general practice.  Frackman Decl., Ex. 10 [Dkt. 89-2] at 247:14-24. | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Mr. Verdugo's assertion that a comment indicated a video had been watched also is not "immaterial."

Defendants appear to contend this statement is unsupported because Mr. Verdugo's testimony, they claim, "was limited to a particular comment on a particular video, not a general practice."  However, in the cited exchange, Mr. Verdugo was directed to look at a page in Deposition Exhibit 224 -- a video Mr. Verdugo stated he did not "specifically" recognize -- and was asked whether the presence of a comment by him |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | would indicate that he had watched the video. ("Q: Turn the page. I think there's a comment by you. A. Yes. Q. Would that indicate that you had watched the video? A. Yes.") Nothing in the cited exchange suggests that Mr. Verdugo's response as to what was inferable from the presence of a comment was limited "to a particular comment on a particular video." |
| **25.** Various comments made by Vimeo employees on videos included in the schedules to Amended Complaints identified the specific music used in the videos, or commented on the use of music in the video or on Vimeo generally. Examples of employees who did this include: | _Disputed._ _The statement is immaterial to any issues before the Court. See supra Part C. In addition, the statement is not supported by the evidence cited by Plaintiffs because it does not indicate whether the individual who made the comment was employed by Vimeo at the time the comment was made. See Supp. Pile Decl. ¶¶ 11-12 (staff badges retroactively associated to pre-employment activity); Declaration of Katie McGregor [Dkt. 84] ("McGregor Decl."), ¶ 2 (dates of employment)._ | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Nor do Defendants justify how comments by Vimeo employees addressing the specific music used in the Videos at issue could be viewed as "immaterial."<br><br>For 4 of the 6 employees identified in Plaintiffs' statement (_i.e._, Jonathan Marcus, Julia Quinn (a/k/a Heffernan), Blake Whitman, and Sam Morrill ), the only purported basis of dispute is Vimeo's assertion that Plaintiffs did not identify "whether the individual who made the comment was employed by Vimeo at the time the comment was made." Plaintiffs' statement does not contend it is limited to comments made only while employed, and Defendants point to no instance where these four employees were not employed by Vimeo at the time of the comments. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | Defendants' alleged "disputes" with regard to employees Karen Abad and Daniel Hayek also are without merit.  Nothing in Defendants' response contradicts that Hayek and Abad are examples of Vimeo employees whose comments on the videos in question addressed the specific music used or the use of music generally on the Vimeo website, and that this is reflected in the cited evidence.  This is so even if the "commenter [was] also the uploader," or if one case the comments are in fact depicted in Video Ex. 35-A rather than Video Ex. 35. |
| **25(a).**   Daniel Hayek   (Video Exs. 5, 35, 42-A, 189, 189-A) | *Disputed and immaterial for the reasons stated above in ¶ 25.  In addition, ¶ 25(a) is not supported by the evidence cited by Plaintiffs.  See Supp. Frackman Decl., Ex. C, Video Exs. 35 & 189.* | Defendants identify no basis for a factual dispute.  *See* main response, *supra,* which is incorporated by reference. |
| **25(b).**   Karen Abad  (Video Exs. 35, 66) | *Disputed and immaterial for the reasons stated above in ¶ 25.  In addition, ¶ 25(b) is not supported by the evidence cited by Plaintiffs.  Video Ex. 35 (commenter also the uploader); Video Ex. 66 at 2 (comment made in 2008), Plaintiffs' Response to Vimeo's 1st SSUF [Dkt. 105], ¶ 56(h) (undisputed Ms. Abad not hired until 2009).* | Defendants identify no basis for a factual dispute.  *See* main response, *supra,* which is incorporated by reference. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **25(c).** Jonathan Marcus (Video Exs. 6-A, 6-B, 249-A) | *Disputed and immaterial for the reasons stated above in ¶ 25. Otherwise, not disputed for the purposes of this motion, see supra Part B.* | Defendants identify no basis for a factual dispute. *See* main response, *supra,* which is incorporated by reference. |
| **25(d).** Julia Quinn (Videos Exs. 14, 280-A at EMI-SJ_01202, 280-B at EMI-SJ_1206) | *Disputed and immaterial for the reasons stated above in ¶ 25. Otherwise, not disputed for the purposes of this motion, see supra Part B.* | Defendants identify no basis for a factual dispute. *See* main response, *supra,* which is incorporated by reference. |
| **25(e).** Blake Whitman (Video Ex. 85 at EMI-SJ_00288) | *Disputed and immaterial for the reasons stated above in ¶ 25. Otherwise, not disputed for the purposes of this motion, see supra Part B.* | Defendants identify no basis for a factual dispute. *See* main response, *supra,* which is incorporated by reference. |
| **25(f).** Sam Morrill (Video Ex. 199) | *Disputed and immaterial for the reasons stated above in ¶ 25. Otherwise, not disputed for the purposes of this motion, see supra Part B.* | Defendants identify no basis for a factual dispute. *See* main response, *supra,* which is incorporated by reference. |
| **26.** In addition to Vimeo Staff and employees, other users of the Vimeo Website frequently posted comments on the video pages at issue that referred to the artists and to the specific recordings and musical compositions used in the videos, or that praised the music selection in the videos. Berkley 2nd Suppl. Decl., ¶¶ 1-5 & Exs. A-C (including Summary Chart). | <u>*Disputed.*</u> *The statement is immaterial to any issues before the Court. See also supra Part C. In addition, disputed because the statement is not supported by the evidence cited by Plaintiffs, especially considering that: (1) the overwhelming majority of the Videos-in-Suit do not include user comments that referred to the "artists," "specific recordings and musical compositions," or "music selection"; and (2) for the few that do, the overwhelming majority of user comments do not refer to* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Nor do Defendants explain how the presence of these comments addressing the specific artists and recordings used could be "immaterial" to the issues before the Court.

Defendants attempt to concoct a dispute by making unsupported claims about the exact frequency of such user comments, or by arguing that Plaintiffs' statement does not necessarily show Vimeo's awareness of |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *the "artists," "specific recordings and musical compositions," or "music selection"; and (3) Plaintiffs cite no evidence that Vimeo Staff or employees were even aware of user comments referring to "artists," "specific recordings and musical compositions," or "music selection." See Frackman Supp. Decl. Ex. C; Anten Supp. Decl., Ex. 14, Deposition of Blake Whitman ("Whitman Depo.") at 165:12-21 (he only "sometimes" reads a video's comments "[d]epending on how many comments there are"); Vimeo's 2d SSUF ¶¶ 36-38 (no evidence Vimeo employees aware of user comments). See also supra n.3.* | these comments. Such statements fail to create a factual dispute with respect to Plaintiffs' statement and the cited evidence.<br><br>Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is without merit. *See reply for* ¶ 6, *supra.* |
| **27.**    In many but not all cases, the accounts of Vimeo employees depicted on video web pages as "liking" or commenting on the videos at issue were accompanied by "Staff Badges" identifying them as Vimeo employees. If the number of "likes" was large, a web page for a given video on the Vimeo Website did not show all "likes" (or all employee likes) that were reflected in Vimeo's database. Vimeo moderators also sometimes used an account named "Vimeo Staff." Video Exs. 1-306; Berkley 2nd Suppl. Decl., ¶¶ 1-5 & Exs. A-C (including Summary Chart); Allen Depo. (Dkt. 88-5) at 217:13-218:4 & Depo. Ex. 97 (Dkt. 93-14 at p. 42); | *Disputed.  This entire statement is immaterial to any issues before the Court. See supra Part C.  In addition, the first sentence is disputed to the extent that Plaintiffs cite no evidence of Vimeo employees who did not have images of "Staff Badges" identifying them as Vimeo employees during the time of their employment.  See Supp. Pile Decl. ¶¶ 11-12; 2d Butler Aff. at ¶5 (Internet Archive does not reliably capture "images that appear on a page").  In addition, the second sentence is disputed, as the statement is not supported by the evidence cited by Plaintiffs.  See, e.g., 2d Butler Aff. at 255-56* | There is no genuine dispute over this statement.  Vimeo appears to take issue with the first sentence for the sole reason that, in their view, Plaintiffs should have asserted that *all* employees of Defendants Vimeo LLC and Connected Ventures LLC (defined collectively in Plaintiffs' Supplemental Statement as "Vimeo") have consistently been denoted by "Staff Badges."  With respect to the third sentence, the fact that Defendants point only to two archived web pages, antedating Plaintiffs' primary webpage evidence, which allowed a user to click a link in order to "see all likes," does not controvert that the web pages for the |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| Frackman Suppl. Decl., ¶ 17 & Ex. P at EMI-SJ_01526; see also Second Affidavit of Christopher Butler ("Butler 2nd Aff."), Ex. A at, e.g., 067-70, 092, 097, 138, 169-175, 182-184, 186, 191, 199, 203, 216-217, 255-256, 280, 293, 295, 298-301. | *(where there were 372 "likes," a user may click "See all 372 likes" to see all "likes"), id. at 216-17 (where there were 32 "likes," a user can click on "See all 32 likes" to see all "likes"). The third sentence is not disputed for the purposes of this motion, see supra Part B. See also supra n.3.* | Videos did not show all likes if the number of "likes" was large. Further, the statement is not "immaterial" because it is relevant that Vimeo employees' interactions were under the imprimatur of a "Staff Badge" and because the statement identifies why employees who "liked" a video according to Vimeo's produced database are not always reflected in Video Exhibits 1-306.<br><br>Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is without merit. See reply for ¶ 6, supra. |
| 28.       Vimeo employees who liked, commented, uploaded, or otherwise interacted with one or more Videos identified on the Amended Schedules include the following listed individuals and/or their respective accounts: | *The statement is immaterial to any issues before the Court. See supra Part C. In addition, the fact that a user "liked" a video does not necessarily mean he or she has watched all or even part of the video. Supp. Pile Decl., ¶ 10. This statement and the table below are further disputed to the extent that the individuals identified as "Vimeo employees" individuals were not Vimeo employees at the time the individual "liked" or commented on a Video-in-Suit. See McGregor Decl. ¶ 2 (listing dates of employment); Supp. Pile Decl. ¶¶ 11-12 (staff badges retroactively associated with pre-employment activity); Plaintiffs' Response to Vimeo's SUF [Dkt. 70] ¶ 3 (undisputed that in July 2008 Vimeo's assets separated from Connected Ventures). This statement and the table below are* | Defendants' response to this statement admits there is essentially no dispute. Defendants also do not support how identifying these dozens of Vimeo employees (including which and how many Videos they "liked" or commented upon), is "immaterial" to the issues before the Court.<br><br>For more than **60** of the employees identified in the sub-parts to this statement, Defendants' Response states they "***otherwise do not dispute***" Plaintiffs' assertion and point back only to the irrelevant qualifications in the adjacent main response. For **seven** individuals only, identified below, Defendants claim Plaintiffs' statement is somehow "further disputed" (without clear assertion of any initial dispute) but only as to whether the individuals were Vimeo |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *further disputed to the extent that it lists alleged Vimeo employees who "liked" or commented on one or more Videos-in-Suit, but not "otherwise interacted."*<br><br>    *These objections are incorporated in their entirety into subparts (a)-(rrr) below. See also supra n.3.* | employees at the moment of a given interaction, even when it is indisputable or inferable that they were, and despite the fact that Plaintiffs' statement does not assert this as an element.<br><br>Contrary to Defendants' response, Vimeo admits there is evidence that all of the Videos were viewed. *See* Anten Suppl. Decl. Exs. 1 & 1-A at Column D; Vimeo's August 16, 2017 memorandum at 2 (that videos were viewed "never really in dispute for purposes of this motion").<br><br>Plaintiffs provide a further reply below ***only*** for the seven individuals for whom Vimeo contends a separate "further dispute," as the other sub-parts should be deemed admitted in full.  Additionally, Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is without merit.  *See* reply for ¶ 6, *supra*. |
| **28(ss)**    Amir Blumenfeld<br><br>with respect to Video Nos. 21, 245 (likes); citing Berkley 2nd Supp. Decl., ¶¶ 1-9 & Exs. A-F (including Summary Chart, "likes" data); Decl. of K. McGregor (Docket No. 84) at 2 | *See supra Response to ¶ 25.  Further disputed because the cited evidence does not establish that the named individual was a Vimeo employee.  McGregor Decl. ¶ 2 (not a Vimeo employee); Mellencamp Supp. Decl. ¶ 4 (same).* | Defendants' response regarding Mr. Blumenfeld does not create any "further" dispute.  The cited Declaration of Katie McGregor asserts Mr. Blumenfeld was an employee of Defendant Connected Ventures, LLC since September 1, 2006.<br><br>*See also* Plaintiffs' main reply for ¶ 28, *supra*, which is incorporated by reference. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **28(yy)**  Kevin Corrigan<br><br>with respect to Video Nos. 204, 245 (likes); citing Berkley 2nd Supp. Decl., ¶¶ 1-9 & Exs. A-F (including Summary Chart, "likes" data); Frackman Suppl. Decl., Ex. P at EMI-SJ_01539 ("working for the fine boys and girls at Connected Ventures"); Butler 2nd Aff., Ex. A at 042-43 | *See supra Response to ¶ 25. Further disputed because the cited evidence does not demonstrate that named individual was a Vimeo employee. Frackman Supp. Decl., Ex. P at EMI-SJ_01539; Buttler 2d Aff, Ex. A at 042-43.* | Defendants' response regarding Mr. Corrigan does not create any "further" dispute. The document cited establishes Mr. Corrigan was an employee of Defendant Connected Ventures, LLC.<br><br>*See also* Plaintiffs' main reply for ¶ 28, *supra,* which is incorporated by reference. |
| **28(bbb)**    Amir Cohen<br><br>with respect to Video No. 6 (like), Video Nos. 236, 249 (comments); citing Berkley 2nd Supp. Decl., ¶¶ 1-9 & Exs. A-F (including Summary Chart, "likes" data); Frackman Suppl. Decl., Ex. P at EMI-SJ_01527 | *See supra Response to ¶ 25. Further disputed because the cited evidence does not establish that the named individual was a Vimeo employee. Frackman Supp. Decl., Ex. P at EMI-SJ_01527.* | Defendants' response regarding Mr. Cohen does not create any "further" dispute. The document cited by Plaintiffs associates Mr. Cohen with Defendant Connected Ventures, LLC. *See also, e.g.,* Lodwick Depo. (Frackman Decl. Ex. 1, Dkt. 88-1) at 92:2-94:20 & Depo. Exs. 2-3 (Frackman Decl., Ex. 12, Dkt. 93-1 at pp. 15-32, 34-35) (Connected Ventures "Office Tour" video with unlicensed music, featuring comment by Mr. Cohen: "Can you guys keep it down out there? I'm trying to work").<br><br>*See also* Plaintiffs' main reply for ¶ 28, *supra,* which is incorporated by reference. |
| **28(fff)**  David Fishel<br><br>with respect to liked Video No. 36; citing Berkley 2nd Supp. Decl., ¶¶ 1-9 & Exs. A-F (including Summary Chart, "likes" data); Decl. of K. McGregor (Docket No. 84) at 2; | *See supra Response to ¶ 25. Further disputed because the cited evidence does not establish that the named individual was a Vimeo employee. McGregor Decl. ¶ 2 (not a Vimeo employee); Mellencamp Supp. Decl. ¶ 4 (same).* | Defendants' response regarding Mr. Fishel does not create any "further" dispute. The cited declaration of Katie McGregor asserts that Mr. Fishel was an employee of Defendant Connected Ventures LLC between May 28, 2007 and September 3, |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| see also Plaintiffs' Original SUF 335 (undisputed by Vimeo) | | 2010.<br><br>*See also* Plaintiffs' main reply for ¶ 28, *supra,* which is incorporated by reference. |
| **28(jjj)**   Jon Feldman<br><br>with respect to Video No. 245 (liked), Video No. 249 (comment); citing Berkley 2nd Supp. Decl., ¶¶ 1-9 & Exs. A-F (including Summary Chart, "likes" data); Decl. of K. McGregor (Docket No. 84) at 2; see also Plaintiffs' original SUF No. 329 (undisputed) | *See supra Response to ¶ 25. Further disputed because the cited evidence does not establish that the named individual was a Vimeo employee. McGregor Decl. ¶ 2 (not a Vimeo employee).* | Defendants' response regarding Mr. Feldman does not create any dispute. The cited declaration of Katie McGregor asserts Mr. Feldman was an employee of Defendant Connected Ventures, LLC.<br><br>*See also* Plaintiffs' main reply for ¶ 28, *supra,* which is incorporated by reference. |
| **28(lll)**   Kunal Shah<br><br>with respect to Video No. 245 (liked); citing Berkley 2nd Supp. Decl., ¶¶ 1-9 & Exs. A-F (including Summary Chart, "likes" data); VRPFSI 1-2 ("former VP, Development, CV") | *See supra Response to ¶ 25. Further disputed because the cited evidence does not demonstrate that the named individual was a Vimeo employee. Frackman Supp. Decl., Ex. G at 2 (not listed as Vimeo staff).* | Defendants' response regarding Mr. Shah does not create any "further" dispute. The evidence cited refers to Mr. Shah as a former vice president of Defendant Connected Ventures, LLC who had knowledge pertaining to the Vimeo Website and/or to this action.<br><br>*See also* Plaintiffs' main reply for ¶ 28, *supra,* which is incorporated by reference. |
| **28(ppp)**   Sarah Schneider<br><br>with respect to Video No. 245 (comment); citing Berkley 2nd Supp. Decl., ¶¶ 3-5 & Exs. B-C (including Summary Chart); Frackman Suppl. Decl., ¶¶15-16 & Ex. O at EMI 00882, Ex. N at JL00156 | *See supra Response to ¶ 25. Further disputed because the cited evidence does not demonstrate that the named individual was a Vimeo employee. Frackman Supp. Decl., Ex. O at EMI 00882; id. Ex. N at JL00156.* | Defendants' response regarding Ms. Schneider does not create any "further" dispute. In the evidence cited, Ms. Schneider has a Connected Ventures e-mail address and corresponds with Vimeo founder Jacob Lodwick regarding a "massive office lipdub," suggesting use of the sound recording "Don't Stop Believin'" by Journey. Frackman Suppl. Decl. Ex. N at |

13

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | JL00156. *See also* Plaintiffs' main reply for ¶ 28, *supra,* which is incorporated by reference. |
| 29.    The following videos containing Plaintiffs' music were maintained on the Vimeo website by Vimeo employees. | *Disputed.* *The statement is immaterial to any issues before the Court.  See supra Part C.  In addition, the statement is disputed because it is not supported by the evidence cited by Plaintiffs, as it: (1) does not establish that the named individual was a "Vimeo employee"; (2) does not establish that Vimeo employees "maintained" the Videos, but only (at most) that the named individual uploaded the Video; (3) does not establish for certain Videos that it was uploaded while the named individual was a "Vimeo employee"; and/or (4) does not establish that the referenced Video was uploaded in the scope of the uploader's employment with Vimeo.  See Plaintiffs' Response to Vimeo's SUF ¶ 3 (undisputed that in July 2008 Vimeo's assets separated from Connected Ventures); Supplemental Declaration of Dae Mellencamp [Dkt. 83] ("Supp. Mellencamp Decl.") ¶¶ 2-4; Declaration of Michael A. Cheah [Dkt. 55] ("Cheah Decl.") ¶¶ 43-45; Declaration of Katie McGregor [Dkt. 84] ("McGregor Decl.") ¶ 2; Capitol Records, LLC v. Vimeo, LLC ("Vimeo I"), 972 F. Supp. 2d 500, 518-19 (S.D.N.Y. 2013) (holding that, as to videos allegedly uploaded by Vimeo* | Defendants' response, both in its main response here and its boilerplate sub-responses below, does not specify any basis for a factual dispute, and does not cite any evidence creating one.  The fact that more than *two dozen of the 307 videos at issue* were made, uploaded, and maintained by individuals who were Vimeo employees is hardly "immaterial" to the issue of Vimeo's red-flag (and actual) knowledge, both as to these specific videos and to what these employees knew when interacting with other videos. <br><br> There can be no dispute that the referenced individuals, or Vimeo-related accounts such as "Vimeo Street Team," belonged to and were controlled by Vimeo employees -- *i.e.,* as defined, employees of either Defendant Vimeo, LLC or Defendant Connected Ventures, LLC.  The fact that they "maintained" the videos on the Vimeo website follows from the fact that *after* they were uploaded, they continued to be made available on the accounts reflected in the Plaintiffs' cited evidence. <br><br> Plaintiffs' statement does not assert that each of the referenced videos necessarily was |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *employees, "a triable issue has been raised with respect to whether the employees were storing their content as 'users' within the meaning of § 512(c) or as employees acting within the cope of their employment").* *Vimeo incorporates these objections into each of subparts 29(a) – (z) below.* | uploaded during the time of employment, although many demonstrably were, and does not assert that the videos were necessarily uploaded within "in the scope of the uploader's employment," although it is at minimum inferable that they were. *See* Plaintiffs' SSUF ¶¶ 2-3, 30. |
| | | Plaintiffs' incorporate by reference the above into their further replies for each of the sub-parts 29(a)-(z) below. |
| **29(a).    Video No. 4** (Vimeo ID 239389), titled "Rockin' Out," uploaded by **"Vimeo Street Team."**  EMIVID_00004 (Frackman Suppl. Decl., ¶ 3 & Ex. B); Video Ex. 4; Marcus Depo. (Dkt. 89-6) at 107:13-23; Berkley 2nd Supp. Decl. ¶¶1-8, 16 & Exs. A-E, (including Summary Chart), Ex. M. | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo's RSUF ¶ 63(f); Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on an account run by Vimeo employees is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by individuals who were Vimeo employees. |
| | | *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is without merit.  *See* reply for ¶ 6, *supra.* |
| **29(b).   Video No. 7** (Vimeo ID 1222894), titled "Vimeo Code Swarm," uploaded by | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Supp.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **Andrew Pile**. EMIVID_00007 (Frackman Suppl. Decl., Ex. B) ; Video Ex. 7; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra*, ¶28. | *Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo's RSUF ¶ 63(f); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. <br><br> *See also* Plaintiffs' main reply for ¶ 29, *supra*, which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra.* |
| **29(c).     Video No. 10** (Vimeo ID 187587), titled "animation," uploaded by **Julia Quinn**. VCV041617 (see Frackman Suppl. Decl., ¶¶5-7 & Exs. D-F); Video Ex. 10; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2; Supp. Pile Decl. ¶ 12; Vimeo's RSUF ¶ 63(b); Plaintiffs' Response to Vimeo's SSUF ¶ 56(i) (undisputed that upload pre-dates employment); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. <br><br> *See also* Plaintiffs' main reply for ¶ 29, *supra*, which is incorporated by reference. Defendants' reference to footnote 3 objecting |

16

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | to Plaintiffs' citations to the Summary Chart is without merit. *See* reply for ¶ 6, *supra*. |
| **29(d).** **Video No. 12** (Vimeo ID 198058), titled "Good Luck," uploaded by **Julia Quinn**. VCV041619 (Frackman Suppl. Decl., Exs. D, F); Video Ex. 12; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2; Supp. Pile Decl. ¶ 12; Vimeo's RSUF ¶ 63(c); Plaintiffs' Response to Vimeo's SSUF ¶ 56(i) (undisputed that upload pre-dates employment); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is without merit. *See* reply for ¶ 6, *supra*. |
| **29(e).** **Video No. 14** (Vimeo ID 658399), titled "Sandy," uploaded by **Julia Quinn**. VCV041621 (Frackman Suppl. Decl., Exs. D, F); Video Ex. 14; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2; Supp. Pile Decl. ¶ 12; Vimeo's RSUF ¶ 63(g); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | Vimeo employee. |
| | | Further, the assertion that this Video's upload pre-dates Ms. Quinn (a/k/a Heffernan's) employment is contravened by the referenced evidence from ¶ 28, *supra* (citing Berkley Suppl. Decl. (Dkt. No. 107), ¶20 & Ex. 17 (July 2007 profile page describing as Vimeo intern); Butler Aff (Dkt. 74-1), Ex. A at 0048-49; Frackman Suppl. Decl., Ex. P at EMI-SJ_01534-38 (February 2008 page with staff badge); Butler 2nd Aff., Ex. A at 037-40). |
| | | *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra*. |
| **29(f).    Video No. 15** (Vimeo ID 1252305), titled "Everything in its Right Place.," uploaded by **Taylor Gillespie**. EMIVID_00015 (Frackman Suppl. Decl., Ex. B); Video Ex. 15; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra*, ¶28. | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(g).**    **Video No. 20** (Vimeo ID 1334655), titled "Davey Dance Blog -50- ORLANDO," uploaded by **David Fishel**.  EMIVID_00020 (Frackman Suppl. Decl., Ex. B); Video Ex. 20; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra,* ¶28. | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Vimeo's RSUF ¶ 63(i) (undisputed that upload post-dates separation of Vimeo, LLC); Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.

*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(h).**    **Video No. 21** (Vimeo ID 202585), titled "Davey Dance Blog -3- PISA - The Beatles – 'Don't Let Me Down'," uploaded by **David Fishel**.  EMIVID_00021 (Frackman Suppl. Decl., Ex. B); Video Ex. 21; Berkley | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Vimeo's* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also supra, ¶28. | *RSUF ¶ 63(d); Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(i).**     **Video No. 23** (Vimeo ID 192834), titled "Lip Dub - Octopus's Garden," uploaded by **Caroline Martin**. EMIVID_00023 (Frackman Suppl. Decl., Ex. B); Video Ex. 23; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also supra, ¶28. | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | is meritless. *See* reply for ¶ 6, *supra.* |
| **29(j).** **Video No. 33** (Vimeo ID 214019), titled "Boys Vs. Girls," uploaded by **Amir Blumenfeld**. EMIVID_00033 (Frackman Suppl. Decl., Ex. B); Video Ex. 33; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Vimeo's RSUF ¶ 63(e); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra.* |
| **29(k).** **Video No. 35** (Vimeo ID 3212317), titled "My Love, On This Day I Have Nothing But Smoochers and ♥s For You.," uploaded by **Karen Abad**. EMIVID_00035 (Frackman Suppl. Decl., Ex. B); Video Ex. 35; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Supplemental Declaration of Michael A. Cheah Decl. [Dkt. 85] ("Supp. Cheah Decl.") ¶ 14; McGregor Decl. ¶ 2; Supp. Pile Decl., ¶ 12; Vimeo's RSUF ¶ 63(j); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | Vimeo employee. |
| | | *See also* Plaintiffs' main reply for ¶ 29, *supra*, which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra*. |
| **29(l).     Video No. 37** (Vimeo ID 130432), titled "Travelling with Ricky (+Lip Dubbing)," uploaded by **Jake Lodwick**. EMIVID_00037 (Frackman Suppl. Decl., Ex. B); Video Ex. 37; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo's RSUF ¶ 63(a); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (in fact, Vimeo's co-founder) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. |
| | | *See also* Plaintiffs' main reply for ¶ 29, *supra*, which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra*. |
| **29(m).   Video No. 58** (Vimeo ID 14617437), titled "DaveyDanceBlog -92- The Painted Ladies," uploaded by **David Fishel**. EMIVID_00058 (Frackman Suppl. Decl., Ex. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 20, 43-45 & n.2; McGregor Decl. ¶ 2* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| B); Video Ex. 58; Depo. Ex. 149 (Dkt. 94-2 at pp. 21-23) (identifying date of upload as September 1, 2010); Whitman Depo. (Dkt. 88-7) at 191:17-192:19, 193:6-198:16; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also supra, ¶28. | *(not a Vimeo employee); Supp. Pile Decl., ¶ 11; Berkley 2d Supp. Decl. ¶ 31 (clip ID numbers higher than 2532639 uploaded after Dec. 11, 2008, post-dating Vimeo, LLC's separation from Connected Ventures); McGregor Decl. ¶ 2; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(n).    Video No. 59** (Vimeo ID 14551072), titled "DaveyDanceBlog -89- Griffith Park Observatory," uploaded by **David Fishel**. EMIVID_00059 (Frackman Suppl. Decl., Ex. B); Video Ex. 59; Depo. Ex. 149 (Dkt. 94-2 at pp. 24-26 (identifying date of upload as August 30, 2010); Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also supra, ¶28. | *Disputed and immaterial.    See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 20, 43-45 & n.2; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Berkley 2d Supp. Decl. ¶ 31 (clip ID numbers higher than 2532639 uploaded after Dec. 11, 2008, post-dating Vimeo, LLC's separation from Connected Ventures); McGregor Decl. ¶ 2; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra*. |
| **29(o).    Video No. 70** (Vimeo ID 239378), titled "Rock at the office," uploaded by **Cait Oppermann**. VCV041620 (Frackman Suppl. Decl., Exs. D, F); Video Ex. 70; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo's RSUF ¶ 66(d); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra*, which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra*. |
| **29(p).    Video No. 88** (Vimeo ID 1202119), titled "The Night the Sky Caught Fire," uploaded by **Stephen Niebauer**. EMIVID_00088 (Frackman Suppl. Decl., Ex. B); Video Ex. 88; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra*, ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2; Supp. Pile Decl. ¶ 12; Berkley 2d Supp. Decl. ¶ 31 (clip ID numbers lower than 2532639 uploaded before Dec. 11, 2008); Plaintiffs' Response to Vimeo's SSUF ¶ 56(d) (undisputed that upload pre-dates* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
|  | *employment); Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra.* |
| **29(q).** **Video No. 95** (Vimeo ID 322309), titled "Lip Dub - Harder Better Faster Stronger (robot!)," uploaded by **Caroline Martin**. EMIVID_00095 (Frackman Suppl. Decl., Ex. B); Video Ex. 95; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see</u> <u>also</u> *supra,* ¶28. | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; Vimeo I, 972 F. Supp. 2d at 518-19. See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless. *See* reply for ¶ 6, *supra.* |
| **29(r).** **Video No. 111** (Vimeo ID 8482051), titled "DaveyDanceBlog -70-Worms," uploaded by **David Fishel**. Video Ex. 111; Berkley 2nd Supp. Decl., Exs. A-E, | *Disputed and immaterial. See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 20, 43-45 & n.2; McGregor Decl. ¶ 2* | Like their main response, Defendants' sub-response raises no factual dispute. As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| (including Summary Chart), Ex. M; <u>see also</u> *supra*, ¶28. | *(not a Vimeo employee); Supp. Pile Decl., ¶ 11; Berkley 2d Supp. Decl. ¶ 31 (clip ID numbers higher than 2532639 uploaded after Dec. 11, 2008, post-dating Vimeo, LLC's separation from Connected Ventures); McGregor Decl. ¶ 2; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(s).      Video No. 129** (Vimeo ID 8940040), titled "DaveyDanceBlog -77-Munich (Chinese Tower)," uploaded by **David Fishel**.  EMIVID_00129 (Frackman Suppl. Decl., Ex. B); Video Ex. 129, Depo. Ex. 149 (Dkt. 94-2 at pp. 27-29) (identifying date of upload as January 23, 2010); Berkley 2d Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see also</u> *supra,* ¶28. | *Disputed and immaterial.  See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 20, 43-45 & n.2; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Berkley 2d Supp. Decl. ¶ 31 (clip ID numbers higher than 2532639 uploaded after Dec. 11, 2008, post-dating Vimeo, LLC's separation from Connected Ventures); McGregor Decl. ¶ 2; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(t).**     **Video No. 204** (Vimeo ID 302220), titled "Davey Dance Blog -32- BUMFUCK, KENTUCKY - We Are Scientists – 'Worth The Wait,'" uploaded by **David Fishel**.  EMIVID_00204 (Frackman Suppl. Decl., Ex. B); Video Exs. 204, 204-A; Berkley 2nd Suppl. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see also</u> *supra*, ¶28. | *Disputed and immaterial.     See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl.  ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise. Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(u).**     **Video No. 215** (Vimeo ID 207723), titled "Davey Dance Blog -19- BERLIN - The Beatles – 'Back In The USSR,'" uploaded by **David Fishel**.  EMIVID_00215 (Frackman Suppl. Decl., Ex. B); Video Ex. 215; Berkley 2nd Suppl. Decl., Exs. A-E, (including | *Disputed   and   immaterial.     See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF  ¶ 3; Supp. Mellencamp Decl.  ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Vimeo's RSUF ¶ 66(e); Vimeo I, 972 F. Supp. 2d at* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red- |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| Summary Chart), Ex. M; <u>see also</u> *supra*, ¶28. | *518-19. See also supra n.3.* | flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(v).**    **Video No. 229** (Vimeo ID 5908057), titled "DaveyDanceBlog -68- Verona," uploaded by **David Fishel**.  EMIVID_00229 (Frackman Suppl. Decl., Ex. B); Video Ex. 229; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>see also</u> *supra*, ¶28. | *Disputed and immaterial.   See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 20, 43-45 & n.2; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Berkley 2d Supp. Decl. ¶ 31 (clip ID numbers higher than 2532639 uploaded after Dec. 11, 2008, post-dating Vimeo, LLC's separation from Connected Ventures); McGregor Decl. ¶ 2; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | 6, *supra.* |
| **29(w).   Video No. 236** (Vimeo ID 150310), titled "BOB lipdub," uploaded by **Amir Cohen**.  EMIVID_00236 (Frackman Suppl. Decl., Ex. B); Video Ex. 236; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra,* ¶28. | *Disputed and immaterial.    See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl. ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; Supp. Pile Decl., ¶ 11; Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.  *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(x).   Video No. 238** (Vimeo ID 191603), titled "Lip Dub - Do You Realize by The Flaming Lips," uploaded by **Blake Whitman**.  VCV041618 (Frackman Suppl. Decl., Exs. D, F); Video Ex. 238; Whitman Depo. (Dkt. 88-6) at 182:3-183:3 & Depo. Ex. 141 (Dkt. 94-1 at p. 41); Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; see also *supra,* ¶28. | *Disputed and immaterial.    See supra Response to ¶ 29 & Part C; Supp. Mellencamp Decl. ¶¶ 2-3; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2; Supp. Pile Decl. ¶ 12; Plaintiffs' Response to Vimeo's SSUF ¶ 56(g) (undisputed that upload pre-dates employment); Vimeo's RSUF ¶ 66(b); Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (namely, the head of Vimeo's Community Team) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **29(y).    Video No. 245** (Vimeo ID 233299), titled "CV Intern Lip Dub - Lump," uploaded by **Chris Han**.  EMIVID_00245 (Frackman Suppl. Decl., Ex. B); Video Ex. 245; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; Lodwick Depo. (Dkt. 88-1) at 127:13-128:6 & Depo. Ex 7 (Dkt. 93-2). | *Disputed and immaterial.    See supra Response to ¶ 29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶ 3; Supp. Mellencamp Decl.  ¶¶ 2-4; Cheah Decl. ¶¶ 43-45; McGregor Decl. ¶ 2 (not a Vimeo employee); Supp. Pile Decl., ¶ 11; Vimeo's RSUF ¶ 66(a); Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee.<br><br>*See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference. Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **29(z.)    Video No. 249** (Vimeo ID 222079), titled "Overnight Celebrity - Beach Lip Dub," uploaded by **Jon Feldman**.  EMIVID_00249 (Frackman Suppl. Decl., Ex. B); Video Ex. 249; Berkley 2nd Supp. Decl., Exs. A-E, (including Summary Chart), Ex. M; <u>s see</u> <u>also</u> <u>supra</u>, ¶28. | *Disputed and immaterial.    See supra Response to ¶29 & Part C; Plaintiffs' Response to Vimeo's SUF ¶3; Supp. Mellencamp Decl. ¶¶2-4; Cheah Decl. ¶¶43-45; McGregor Decl. ¶2 (not a Vimeo employee); Supp. Pile Decl., ¶11; Vimeo's RSUF ¶66(c); Vimeo I, 972 F. Supp. 2d at 518-19.  See also supra n.3.* | Like their main response, Defendants' sub-response raises no factual dispute.  As stated above, the fact that this Video was uploaded to and maintained on the account of a Vimeo employee (including by definition employees of Connected Ventures, LLC) is hardly "immaterial" to Vimeo's knowledge, red-flag or otherwise.  Further, nothing in Defendants' response, either here or above, contravenes the assertion, supported by Plaintiffs' evidence, that the referenced video was maintained on the Vimeo website by an individual who was a Vimeo employee. *See also* Plaintiffs' main reply for ¶ 29, *supra,* which is incorporated by reference.  Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* reply for ¶ 6, *supra.* |
| **35.**    Vimeo produced various e-mails sent to employees that notified them of videos currently at issue that are included on Plaintiffs' Amended Schedules, and which included references to the music used.  Frackman Suppl. Decl., ¶14 & Ex. M. | *Disputed.  The statement is immaterial to any issues before the Court.  See supra Part C.  In addition, the statement is disputed because it is not supported by the evidence cited by Plaintiffs.  There is no dispute that the six e-mails in the cited exhibit are automated alerts that reflect the title and partial description that an uploader provides, and may never have been read by the recipient.  See Frackman Supp. Decl. Ex. M at 1, 2, 5, 12, 16, 20; Whitman Depo.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Rather than disputing Plaintiffs' statement, Defendants purport to characterize these e-mails as "automated alerts" and speculatively argue they "may never have been read by the recipient."  Even assuming such claims were true (which Plaintiffs do not accept and is not borne out by the evidence), they do not serve to contravene Plaintiffs' statement. |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *at 194:12-195:10, 199:7-10. In addition, Plaintiffs cite no evidence that the recipients of these six e-mails ever read them, or were even aware of their existence.* | That Vimeo employees were notified of Videos at issue in this manner is hardly "immaterial" to issues before the Court, including as it reflects relevant facts and circumstances Vimeo employees brought to bear on their interaction with the Videos. |
| **58.**     Dalas Verdugo signed up to participate in a "group project" whereby Vimeo users would create a series of videos containing the entirety of the Beatles' "Sgt. Pepper" album, and commented on at least one of the resulting videos. Lodwick Depo. (Dkt. 88-1) at 177:3-180:10, 180:22-181:6 & Exs. 15, 15-A, 15-B (Dkt. 93-4 at p. 11, pp. 9-42); Verdugo Depo. (Dkt. 89-1) at 20:22-21:3; Butler Aff. (Dkt. 74-1), Ex. A at 0044. Video Nos. 18, 24 (EMIVID_000018; Video Exs. 18, 18-A; EMIVID_00024; Video Ex. 24). | *This statement is immaterial to any issues before the Court, see supra Part C. In addition, the statement is disputed, as it is not supported by the evidence cited by Plaintiffs, including because there is no such video by Dalas Verdugo that is a Video-in-Suit. Berkley 2d Supp. Decl., Ex. B. In addition, it is undisputed that the comments were made before Dalas Verdugo was employed at Vimeo. Anten Supp. Decl., Ex. 13, Deposition of Dalas Verdugo ("Verdugo Depo.") at 20:22-21:13 (began employment in 2007, after several years as a user of the site); Frackman Decl., Dkt. 93-4, Ex. 15 (indicating comment was in 2006). In addition, there is no foundation for this statement.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Rather than providing any evidence to controvert Plaintiffs' statement, Defendants assert, irrelevantly, that the "resulting video" commented upon by Dalas Verdugo (Video No. 18, *see* Video Ex. 18-A) was not a video "by Dalas Verdugo," and that the comment in question was posted prior to the start of Mr. Verdugo's employment (despite remaining on the Vimeo Website in association with his account and "Staff Badge" during his employment). Defendants' assertion that there is "no foundation" for Plaintiffs' statement is unexplained and without merit. Mr. Verdugo's involvement in this project is hardly "immaterial," including as it reflects relevant facts and circumstances he and others brought to bear on their interaction with the Videos. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **59.** Andrea Allen contributed to a Vimeo "group project" using the Beatles' recording "All Together Now." Frackman Suppl. Decl., Ex. O at EMI 00930-934; Berkley Decl. (Dkt. 96, 97), ¶69, Ex. 65; Video No. 214 (EMIVID_0000214, Video Exs. 214, 214-A). | *Disputed, This statement is immaterial to any issues before the Court, see supra Part C. In addition, the statement is disputed, as it is not supported by the evidence cited by Plaintiffs, including because it is undisputed that any purported contribution or comments were made before Andrea Allen was employed at Vimeo. Plaintiffs' Response to Vimeo's SSUF ¶ 56(a) (undisputed that employment began in October 2008); Frackman Supp. Decl. Ex. O at EMI 00931 (project "complete" in Sept. 2006); Frackman Supp. Decl., Ex. C (Video Ex. 214-A) (indicating comment on video in 2006). In addition, there is no foundation for this statement.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Rather than provide any evidence to controvert the content of Plaintiffs' statement, Defendants assert irrelevantly only that "any purported contribution or comments were made before Andrea Allen was employed at Vimeo." Defendants' assertion that there is "no foundation" for Plaintiffs' statement is unexplained and without merit.<br><br>Ms. Allen's involvement in this project is hardly "immaterial," including as it reflects relevant facts and circumstances she and others brought to bear on their interaction with the Videos. |
| **63.** Vimeo co-founder Zachary Klein testified that he "assumed" a video providing a credit to a particular song by the artist Blur in fact utilized that song. Deposition of Zachary Andrew Klein [Frackman Decl., Ex. 2] ("Klein Depo.") (Dkt. 88-3) at 192:11-193:13 & Depo. Ex. 68 (Dkt. 93-5 at pp. 61-62). | *Disputed. The statement is immaterial to any issues before the Court, see supra Part C. In addition, the statement is disputed. See Frackman Decl., [Dkt. 88-3] at 193:9-18 (testifying "I only assume that [the uploader utilized the song] because he credits the song," but "I'm certain that I have never seen this video before") (emphasis added).* | Defendants' response does not provide any basis for a factual dispute, and cites no evidence creating one. Defendants do not contest that Mr. Pile testified that he "assumed" the song was utilized "because he [the user] credits the song." Mr. Pile's added testimony that he was "certain" he had not seen the video previously has no bearing on Plaintiffs' statement.<br><br>Mr. Klein's testimony is hardly "immaterial," including as it reflects relevant facts and circumstances Vimeo brought to bear on interaction with the Videos. |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **70.** Not one of Videos 1-306 currently at issue reflect on their face the existence of any authorization or license held by the uploader. EMIVID_00001-00306; Video Exs. 1-306; Berkley 2nd Suppl. Decl., Exs. B-C (Summary Chart). | _Disputed._ This statement is immaterial to any issues before the Court, see supra Part C, including because it is Plaintiffs' burden to affirmatively prove Vimeo's knowledge of facts or circumstances showing that infringing activity was objectively obvious to a reasonable person. In addition, this statement is disputed.  Many of the Videos-in-Suit include information indicating the existence of authorization or license, and in any event none of the pages for the Videos-in-Suit explicitly represent that the use of any Work is unauthorized or unlicensed. See, e.g., Video Ex. 201 (description states "Commissioned by Nicola Brown for Virgin/EMI"); Video Ex. 265 (description states "license exclusive EMI Music France"); Berkley 2d Supp. Decl., Ex. B (inclusion of copyright notice may communicate authorization); Vimeo's 2d SSUF ¶ 32; see also supra n.3. | Defendants' response does not provide any basis for a factual dispute, and cites no evidence creating one.  The fact that none of the Videos at issue "reflect on their face the existence of any authorization or license held by the uploader," is hardly "immaterial" to the facts or circumstances rendering infringement "apparent." <br><br> With regard to Plaintiffs' initial Complaints, Defendants previously admitted that not one of the videos identified  in them reflected on their face the existence of any authorization or license by the copyright owner.  _See_ SSUF ¶ 69.  Defendants now assert that particular descriptions stating a video was "commissioned for" Plaintiffs, or copyright notices identifying Plaintiffs as the owner, should be seen as "information indicating the existence of authorization or license." This is a non-sequitur, and ignores the reference in Plaintiffs' statement to "authorization or license **held by the uploader**." The vague contention in Defendants' Second Supplemental SUF that such examples could imply an "official relationship" or "permission" between an uploader and Plaintiffs is unsupported and is argument, not evidence.  _See_ Plaintiffs' Response to Vimeo's 2d SSUF at ¶ 32 (submitted concurrently), incorporated here by reference. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **74.** Only Vimeo staff members could add videos to the Staff Picks and Vimeo HD channels, and selecting or "curating" such videos for the community was considered at Vimeo an important editorial function. Whitman Depo. (Frackman Suppl. Decl., ¶10 & Ex. I) at 46:17-47:18; 48:20-49:3; Verdugo Depo. [Frackman Suppl. Decl., ¶18 & Ex. Q] at 224:8-20; Video Ex. 65 at p. 2; Video Ex. 90-A at p. 2; Mellencamp Depo. (Dkt. 89-7) at 121:17-122:15; Depo. Ex. 190 (Vimeo FAQ, Dkt. 94-9) at p. 83); Berkley 2nd Suppl. Decl., Ex . Q at pp. 3-4, 52; see also Plaintiffs' Original SUF ¶46 (not disputed). | *Disputed. This statement is immaterial to any issues before the Court, see supra Part C. In addition, disputed to the extent the statement is not supported by the evidence cited by Plaintiffs, and the Court has already determined that Vimeo's "degree of influence" on user activities through staff promotion such as the Staff Picks and Vimeo HD channels is "arguably de minimis." Vimeo I, 972 F. Supp. 2d at 530.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Defendants provide no basis for asserting the cited evidence does not support Plaintiffs' statement, and the citation to a portion of the Court's September 18, 2013 opinion, addressing a different prong of the DMCA and prior to Plaintiffs' Amended Complaints, is not relevant to the asserted statement, which addresses the function and significance of Vimeo's curatorial activities, not the "degree of influence" exerted thereby. *See also, e.g.* SSUF ¶ 78 (not disputed by Vimeo that placing a video in the "Staff Picks" or "HD Channels" is what Vimeo considers to be 'front-page placement.'), ¶ 80 (not disputed Vimeo Staff were instructed that videos selected for such channels should not include "bad music"). Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances Vimeo employees brought to bear on their interaction with the Videos. |
| **90.** When a video has been whitelisted, it means it has been reviewed and can no longer be flagged by members of the public. Whitman Depo. (Dkt. 88-6) 105:4-13; Allen Depo. (Dkt. 88-4) 182:23-183:15; Pile Depo. (Dkt. 89-4) at 84:20-85:2; Verdugo Depo. | *Disputed. This statement is immaterial to any issues before the Court. See supra Part C. In addition, the statement is disputed to the extent that Plaintiffs incorrectly equate "reviewed" with "watched." A video that has been whitelisted has not necessarily* | Defendants' response specifies no basis for a factual dispute and cites no evidence creating one. Instead, they seek to manufacture a dispute by arguing that a video that has been "reviewed" has not necessarily been "watched." Yet aside from Mr. Pile's wholly |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| (Dkt 89-1) 121:15-21. | *been watched, in whole or in part. See Verdugo Depo. at 233:25-234:7; Supp. Pile Decl. ¶ 7.* | conclusory testimony Defendants cite only Mr. Verdugo's speculation that despite his agreed "usual practice" of reviewing all videos he whitelisted,  he thought it "likely" there was an exception at some unspecified point.  Verdugo Depo. at 234. Mr. Verdugo himself also made no distinction between "reviewing" and "looking at" a video. *Id.*<br><br>Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances relating to Vimeo employees' interaction with the Videos. |
| 92.    According to Dalas Verdugo, if a "clip" (a video)  has been whitelisted, it means that "it's been reviewed by a moderator." Verdugo Depo. (Dkt. 89-1) at 121:15-19. | *Disputed.  The statement is immaterial to any issues before the Court.  See supra Part C.  In addition, the statement is disputed because it is not supported by the evidence cited by Plaintiffs.  See Verdugo Depo. at 121:15-19, 233:25-234:7 (whitelisting "indicates" to others that a "clip or user" has been reviewed, but he "likely" whitelisted videos "without looking at the video itself"); see also Supp. Pile Decl. ¶ 7.* | Defendants' response specifies no basis for a factual dispute and cites no evidence creating one. Specifically, it controverts neither the fact of Mr. Verdugo's statement concerning whitelisted "clips" nor what was conveyed by whitelisting. The additional cited testimony of Mr. Verdugo merely speculates that "at some unspecified point," it "likely" occurred that a video was whitelisted without being reviewed, but Mr. Verdugo specified no occasion where he recalled this actually occurring and agreed his "usual practice" was to review all videos to be whitelisted.<br><br>Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances relating to Vimeo employees' interaction with the Videos. |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **93.** Dalas Verdugo gave instructions to "whitelist" a flagged video after being notified that the video's uploaders were "once again using music they don't have rights to." Verdugo Depo. [Frackman Suppl. Decl., ¶¶18-19 & Exs. Q-R] at 232:23:233:24 & Ex. 221. | *Disputed. The statement is immaterial to any issues before the Court, see supra Part C, including because the referenced video is not a Video-in-Suit. In addition, the statement is disputed because it is not supported by the evidence cited by Plaintiffs. The cited evidence does not show that Dalas Verdugo gave the instruction to whitelist the video because it allegedly contained music the uploader did not have the rights to, and Dalas Verdugo testified that he did not remember why he gave the instruction. Verdugo Depo. at 233:20-21. See also Vimeo's 2d SSUF ¶ 63; Anten Supp. Decl. ¶ 7 & Ex. 6 (indicating videos were uploaded by Arkansas Youth Conference, including title "AYC Missionary Video").* | Defendants' response provides no basis for a factual dispute and does not cite any evidence creating one. Defendants seek to rewrite Plaintiffs' statement by claiming the cited evidence does not show Mr. Verdugo gave the instruction to whitelist the video ***because*** of the substance of the notification, and that he also purportedly did not remember giving the instruction. Even if credited, neither of these are elements of Plaintiffs' statement, which is not controverted by Plaintiffs' response.<br><br>Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances relating to Mr. Verdugo's and other Vimeo employees' interaction with the Videos. |
| **97.** Vimeo has not disputed that videos whitelisted other than at the "account" level were viewed. Order dated December 31, 2013 (Dkt. 139) at 8, citing Defendants' Memorandum of Law in support of motion for reconsideration (Dkt. 122) at 13-14. | *Disputed. This statement is immaterial to any issues before the Court. See supra Part C. In addition, the statement is disputed. Supp. Pile Decl. ¶ 7 ("Even when individual videos are whitelisted, Vimeo staff may make the decision to whitelist based upon the nature of the account that uploaded the video and/or its associated thumbnail image. As a result, the fact that a video has been whitelisted does not necessarily mean that Vimeo staff watched all or part of it.") (emphasis added); Verdugo Depo. at 233:25-234:7 ("likely" that he whitelisted* | Defendants' response provides no basis for a factual dispute and does not cite any evidence creating one. As the Court noted on reconsideration, "To be sure, a jury could infer that when a Vimeo employee whitelists a specific video, the employee has watched that video — a point Defendants do not dispute." Dkt. 139 at 8. Defendants now admit there is evidence that every whitelisted video was viewed by a Vimeo employee. *See, e.g.,* Anten Suppl. Decl. Ex. 1 & 1-A at Column D; Vimeo's August 16, 2007 |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | videos "without looking at the video itself"). In addition, the statement is not supported by the evidence cited by Plaintiffs. Vimeo II, 972 F. Supp. at 545 (addressing only what "a jury could infer" under a different burden of proof than that subsequently established by the Second Circuit). | memorandum at 2.<br><br>The legal contention concerning what "a jury could infer" from the whitelisting of a video is irrelevant to Plaintiffs' statement and in other respects is not supported. |
| **111.** Plaintiffs' original SUF ¶247 (not disputed by Vimeo): IAC vice president and Vimeo general manager Tim Allen was quoted as saying, "Sponsors love our type of content because it allows them to target their products more easily, and they get more value from their campaigns." The article stated: "Carma Laboratories is one advertiser that has been communicating creatively with the outfit's users. The company is sponsoring Vimeo's 'lip dub' channel - a term coined by the online firm's founder, Jacob Lodwick, to describe creatively edited music videos in which people lip synch to well-known songs - via contests and product placement of its Carmex lip balm." | _Disputed._ Plaintiffs' original SUF ¶ 245 (which Vimeo disputed) does not contain the statement presented. To the extent that Plaintiffs made a typographical error and intended to cite Plaintiffs' original SUF ¶ 247, Vimeo's response is: Not disputed for the purposes of this motion, see supra Part B, but immaterial to any issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit. In addition, Vimeo objects to the quoted material pursuant to Fed. R. Evid. 106. | There is no dispute. Defendants assert (mistakenly it appears) that Plaintiffs' statement failed to cite Plaintiffs' original SUF ¶247. As noted in Defendants' response, Vimeo did not dispute that statement, and Defendants agree it is not disputed here.<br><br>Plaintiffs' statement is hardly "immaterial," as it is related to every Video at issue included on the "Lip Dub Stars "channel, as well as the facts and circumstances of Vimeo's interaction with Videos generally. See, e.g., Plaintiffs' SSUF ¶¶ 110, 112, 116, 117 (not disputed by Vimeo). |
| **115.** According to an article appearing in the Washington Post, Jakob Lodwick explained Vimeo's "Flagpole Sitta" lip dub video as having "put us on the map." Plaintiffs' Request for Judicial Notice (Dkt. 73), Ex. I at p. 2. | _Disputed._ This statement is immaterial to any issues before the Court, see supra Part C, including because the referenced video is not a Video-in-Suit. In addition, it is disputed as inadmissible because the quoted language has not been authenticated | Defendants' response provides no basis for a factual dispute and cites no evidence creating one. Mr. Lodwick's readily verifiable 2007 statement to the Washington Post as Vimeo's co-founder constitutes a party admission, and the challenge to its authentication is not well- |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *pursuant to Fed. R. Evid. 901 and constitutes hearsay pursuant to Fed. R. Evid. 802. In addition, Vimeo objects to the material pursuant to Fed. R. Evid. 106 and 201(b). See also Vimeo's Opposition to Plaintiffs' Request for Judicial Notice [Dkt. 81] at 4-5 (objecting to the Court's taking judicial notice of the cited newspaper article); Vimeo I, 500 F. Supp. 2d at 509 (denying Plaintiffs' Request for Judicial Notice as moot).* | founded. *See, e.g. US v. Gagliardi*, 506 F. 3d 140, 151 (2nd Cir. 2007) ("The bar for authentication of evidence is not particularly high … Generally, a document is properly authenticated if a reasonable juror could find in favor of authenticity." (citations omitted).<br><br>Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Mr. Lodwick and other Vimeo employees brought to bear on their interaction with the Videos. |
| **118.** Including videos that appeared on the Lip Dub Stars channel (which featured four of the videos at issue), at least 25 of the videos at issue with which Vimeo employees interacted billed themselves as or can be classified as lip dub videos. Each of these specified the recordings, compositions, and/or artists whose music was used. Berkley 2nd Suppl. Decl., ¶¶3-5 & Exs. B-C (Summary Chart). | *Disputed. The statement is immaterial to any issues before the Court. See supra Part C. In addition, the statement is disputed because it is not supported by the evidence cited by Plaintiffs. See Berkley 2d Supp. Decl., Ex. C, column J. See also supra n.3.* | Defendants' response provides no basis for a factual dispute and does not cite any evidence creating one. As evidence of a purported "dispute," Defendants cite Column C of the Summary Chart, which identifies a total of 26 videos that can be classified as "lip dubs," of which 24 are classified simply as "Lip Dub" and two are classified as "Synchronized Soundtrack / Lip Dub." The reference to Defendants' footnote 3 is without merit: it is not difficult to discern that Plaintiffs' statement refers to "Video Type" and "Music Credits" information for videos classified as lip dubs. *See* reply for ¶ 6, *supra*.<br><br>Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Vimeo brought to bear on interaction with the Videos. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **121.** Vimeo employees who were "contacts" or "subscribers" to David Fishel's account, which featured the "Davey Dance Blog videos," included Blake Whitman, Andrea Allen, Daniel Hayek, Andrew Pile, Ricky Van Veen, Julia Quinn, Sam Morrill, Kunal Shah, and Jake Oliver. In January of 2009, Dalas Verdugo referred to videos listed in EMI's December 2008 cease-and-desist notice as including one of Fishel's "Davy [sic] Dance Blog" videos. In or about February 2010, Blake Whitman offered to help Mr. Fishel download a copy of a video removed pursuant to an infringement claim by EMI. However, Mr. Fishel's account on the Vimeo Website remained active at least until 2012. Whitman Depo. (Dkt. 88-7) at 191:17-192:19, 193:6-198:16; Depo. Ex. 148-149 (Dkt. 94-2 at pp. 16-29); Frackman Suppl. Decl., Ex. P at EMI-SJ01292, EMI-SJ01500; id., Ex. M at VCV033766; Berkley Decl. (Dkt. 96), ¶ 20 & Ex. 18; Butler 2nd Aff. at 031, 033, 035; Frackman Decl., Ex. 13 (Dkt. 90-7) at VCV020115; Verdugo Depo. (Dkt. 89-2) at 219:3-20 & Ex. 219 (Dkt. 94-13 at pp. 4-6); Plaintiffs' original SUF ¶335 (not disputed). | _Disputed._ _The statement is not material to any issues before the Court, see supra Part C, including because the referenced videos are not Videos-in-Suit. In addition, the statement is disputed, including because the statement is not supported by the evidence cited by Plaintiffs. In addition, Vimeo disputes the third sentence because Plaintiffs have not established foundation for the evidence supporting the sentence, nor authenticated the cited evidence pursuant to Fed. R. Evid. 901._ | Defendants' response provides no basis for a factual dispute and does not cite any evidence creating one. Defendants do not dispute that at least nine Videos currently at issue were "Davey Dance Blog" videos associated with Connected Ventures employee David Fishel, _see_ SSUF ¶¶ 119, 122-123 (not disputed by Vimeo), and Defendants specify no specific ground on which Plaintiffs' statement is unsupported by the cited evidence. It can thus be deemed uncontroverted under Local Rule 56.1(c). Defendants' contention that the third sentence (in which Mr. Whitman offers downloading assistance to Mr. Fishel for a video previously removed video) relies on evidence lacking foundation and authentication is without merit: Deposition Exhibit 219 reflecting Mr. Whitman's offer consists of a multi-part email thread produced by Vimeo, which details the request made, and relates it to the prior EMI infringement claim. Finally, Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Vimeo employees brought to bear on their interaction with the Videos, Davey Dance Blog and otherwise. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **127.**     Vimeo Community Team member Dalas Verdugo testified that when the owner of copyrighted music was the one who uploaded videos to Vimeo, he could determine this because "[g]enerally, it's under their name."   Verdugo Depo. (Dkt. 89-2) at 248:4-14. | _Disputed._ _The statement is not material to any issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit._ _In addition, the statement is disputed._ _Verdugo Depo. [Dkt. 89-2] at 248:8-248:16 ("I don't know how I would determine" an uploader of a video was the owner of the copyright in the music, but there had been "instances" the owner of copyrighted music uploaded videos under their name, "so it's possible") (emphasis added); Anten Supp. Decl., Ex. 7, Deposition of Andrea Allen ("Allen Depo.") at 95:23-96:5._ _In addition, Vimeo objects to the quoted material pursuant to Fed. R. Evid. 106._ | Defendants' response provides no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response raises any dispute with the fact of Mr. Verdugo's testimony, offered after he was asked a follow-up question relating to his initial assertion that he "didn't know how I would determine that" with respect to Video No. 34.  Mr. Verdugo's testimony "it's possible" corroborates his testimony that he was in fact capable of determining if a video was uploaded by the owner of the copyright music (i.e., "[g]enerally, it's under their name").  _See also_ Video Ex. 34.  Mr. Verdugo's testimony is hardly "immaterial," including as it reflects relevant facts and circumstances that he and other Vimeo employees brought to bear on their interaction with the Videos. |
| **128.**     Plaintiffs' original SUF ¶204 (not disputed by Vimeo):  Vimeo employee Andrew Pile advised a user that "We do pay royalties on any music played on Vimeo."  This statement was untrue.  The user later uploaded a lip dub incorporating one of Plaintiffs' sound recordings. | _Disputed._   _Plaintiffs' original SUF ¶ 204 does not contain the statement presented._   _To the extent that Plaintiffs made a typographical error and intended to cite Plaintiffs' original SUF ¶ 304, Vimeo's response is:  Not disputed for the purposes of this motion, see supra Part B, but immaterial to any issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit._ | There is no dispute.  Defendants correctly note that the fact previously admitted by Vimeo was SUF ¶304 (as opposed to 204), and state the asserted fact is not disputed.  Mr. Pile's actions are hardly "immaterial," including because it relates specifically to his inducement of Video No. 282 by falsely assuring this user Vimeo "do[es] pay royalties on any music played on Vimeo," and reflects facts and circumstances that he |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | and other Vimeo employees brought to bear on their interaction with the Videos. |
| **132.** In or around October 2007, the Vimeo Website page for Video No. 176, synchronized to the Pink Floyd album "Dark Side of the Moon," listed as one of its "referrers" a Tumblr.com account at the address badmalone.tumblr.com.  According to Blake Whitman, "Bad Malone" is a user name he used in connection with the Vimeo website.  Mr. Whitman was also listed on this web page as having "liked" the video two days previously, which was during his employment at Vimeo.  EMIVID_00176; Video Exs. 176-A; Frackman Suppl. Decl., ¶10, Ex. I (Whitman Depo. at 5:14-24); Whitman Depo. (Dkt. 88-6) at 149:20-150:3 & Ex. 124 (Dkt. 93-14 at p. 70) (e-mails dated October 4, 2007); Mayer Decl. (Dkt. 106) ¶ 5 & Ex. 2 (Whitman Depo. 20:13-21); Plaintiffs' original SUF ¶347 (not disputed). | _Disputed._  *The statement is not material to any issues before the Court.  See supra Part C.  In addition, the statement is disputed as not supported by the evidence cited by Plaintiffs.  In addition, Vimeo objects to the material pursuant to Fed. R. Evid. 106 and 201(b), and as lacking foundation.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  The claim that the statement is "disputed as not supported by the evidence cited by Plaintiffs" points to no particular element of Plaintiffs' statement that is unsupported or to any particular deficiencies in the cited evidence.  As such, Plaintiffs' statement has not been "specifically controverted" and should be deemed admitted.  Local Rule 56.1(c). Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Blake Whitman and other Vimeo employees brought to bear on their interaction with the Videos. |
| **133.** The Tumblr.com page maintained at "badmalone.tumblr.com" referred to Video No. 176, which incorporated the entirety of Pink Floyd's "Dark Side of the Moon" album, and stated that Whitman was employed at Vimeo. Video Exs. 176-B, 176-C; Berkley 2nd Supp. Decl., ¶¶29-30 & Exs. Z, AA; Butler 2nd Aff. at 229-231. | _Disputed._  *The statement is not material to any issues before the Court.  See supra Part C.  In addition, the statement is disputed because this document not been authenticated pursuant to Fed. R. Evid. 901 and constitutes hearsay pursuant to Fed. R. Evid. 802.  In addition, the statement is not supported by the evidence cited by Plaintiffs.  In addition, Vimeo objects to the* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Plaintiffs have already admitted (in response to original SUF ¶347 and SSUF ¶131) that the video in question incorporated the Pink Floyd album "Dark Side of the Moon, as is reflected in Video 176 and Video Exhibit 176-B.  That Vimeo web page specifically links to the |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *material pursuant to Fed. R. Evid. 106 and 201(b).* | referenced "badmalone.tumblr.com" page, wherein Mr. Whitman refers to Video 176 and identified himself as a Vimeo employee, constituting a party admission and a statement probative of Vimeo's knowledge and intent. The statement is neither unauthenticated as submitted nor opposable as hearsay. Fed. R. Evid. 801(d)(2); *Arista Records LLC v. Lime Group LLC,* 784 F. Supp. 2d 398, 420-21 (S.D.N.Y. 2011).<br><br>Additionally, Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Blake Whitman, the head of Vimeo's Community Team, brought to bear on interaction with the Videos supporting that infringement was or should have been apparent. |
| **134.** Plaintiffs' original SUF ¶71 (not disputed by Vimeo): ) A separately uploaded copy of the Vimeo Street Team video featuring Blondie's "Call Me" was maintained on the Vimeo Website at least through 2011, and was commented on by Vimeo employee Andrew Pile. | <u>*Disputed.*</u>  *Plaintiffs' original SUF ¶ 71 (which Vimeo disputed) does not contain the statement presented.*<br>*To the extent that Plaintiffs made a typographical error and intended to cite Plaintiffs' original SUF ¶ 337, Vimeo's response is:  Not disputed for the purposes of this motion, see supra Part B, but immaterial to any issues before the Court, see supra Part C, including because the referenced video is not a Video-in-Suit.* | There is no actual dispute. Defendants correctly note the statement previously admitted by Vimeo was SUF ¶ 337 and state the asserted fact is not disputed. However, they incorrectly state the video at issue (which is Video No. 70) is not among the Videos at issue. For that reason alone, Plaintiffs' statement is hardly "immaterial." Nor do Defendants explain how it could be "immaterial" that it permitted a second copy of this Vimeo-made and Vimeo-commented video to remain on the Vimeo website after the first copy (Video No. 4) was identified in |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | Plaintiffs' initial Complaints. |
| **138.**    In nearly all the videos, the music constituted the majority (or the only) audio portion of the video, or otherwise was combined with other commercial music as the primary or sole audio in the video.  Berkley 2nd Suppl. Decl., Exs. B-C (Summary Chart); Frackman Suppl. Decl., Ex. B (EMIVID_00001-00306), Exs. D, F. | _Disputed._  *This statement is immaterial to any issues before the Court.  See supra Part C.  In addition, the statement is disputed because it is not supported by the evidence cited by Plaintiffs.  Frackman Supp. Decl. Ex. B (videos).  Plaintiffs do not define "other commercial music" or state what it means to be the "primary" audio in a video.  Koyfman Depo. at 102:14-103:3 ("I don't know what commercial music means"); Marcus Depo. at 84:4-8 ("What do you mean by commercial?").  See also supra n.3.* | Defendants' response specifies no basis for a dispute and does not cite any evidence creating one.  Defendants do not dispute any specific facts with respect to the overwhelming dominance of Plaintiffs' music, generally alone but sometimes in combination with other commercial music, as the audio portions of the 307 videos at issue, including as set forth in the statistics presented in Plaintiffs' Summary Chart.  The purported confusion of certain Vimeo witnesses as to what constituted "commercial music" at certain moments in their depositions is irrelevant, and in any event is contradicted elsewhere within the same depositions.  *See, e.g.,* Koyfman Depo. (Frackman Decl. Ex. 8, Dkt. 89-5) at 64:4-9; Marcus Depo. (*id.,* Ex. 9, Dkt. 89-6) at 129:17-20.<br><br>Defendants' reference to footnote 3 objecting to Plaintiffs' citations to the Summary Chart is meritless.  *See* Plaintiffs' reply for ¶ 6, *supra.*  Finally, Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances bearing on Vimeo employees' interactions with the Videos supporting that infringement was or should have been apparent. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **145. (misnumbered by Vimeo as 144)**<br><br>Present and former Vimeo executives including Dae Mellencamp, Jonathan Marcus, Jakob Lodwick, and Moshe Koyfman had knowledge of the music industry and of music copyrights.  Koyfman Depo. (Dkt. 89-5) at 141:21-142:5; 143:10-144:8; 145:22-147:2; 149:17-150:25; 202:14-203:10 & Ex. 348 (Dkt. 95-1 at pp. 48-55); Mellencamp Depo. (Dkt. 89-7) at 25:9-26:25; Marcus Depo. (Dkt. 89-6) at 121:24-122:8; 234:17-236:8; Lodwick Depo. (Dkt. 88-1) at 67:22-68:14**.** | _Disputed._  This statement is immaterial to any of the issues before the Court, see supra Part C, including because the Second Circuit has already determined that Plaintiffs have the "burden of proving that Vimeo personnel either knew the video was infringing or knew facts making that conclusion obvious to <u>an ordinary person who had no specialized knowledge of music or the laws of copyright</u>."  Vimeo III, 826 F.3d at 98 (emphasis added).  In addition, the statement is disputed.  See, e.g.,<br><br>_Moshe Koyfman_:  Koyfman Depo. 52:24-53:6 (never took an intellectual property course); 102:14-103:3 (does not know what "commercial" music is or "exactly the definition of synchronized"); 126:9-127:4 (knowing "at the highest form" that music, video and written content "can be copyrighted … [but] I don't know beyond that.  I'm not an attorney."); 127:18-128:5 (used "copyrighted content" to refer to "TV clips appearing on YouTube"); 129:4-130:3 (did not learn about copyright in school); 139:17-140:15 (did not understand what music licenses entailed, testifying "I have no idea.  I'm not an attorney."); 158:23-159:16 ("I haven't seen a lot of licenses. … It's not my thing.  Attorneys do that."); 206:25:-207:18 (has "not dug into the | Defendants' lengthy response specifies no basis for a dispute and does not cite any evidence creating one.  None of the materials cited in Defendants' main response, or their individual sub-responses, controverts Plaintiffs' statement based upon the cited evidence (which Defendants do not address), that these individuals had knowledge of the music industry and music copyrights (or that matter that Vimeo employees had such knowledge generally).<br><br>The self-serving disavowals of the cited witnesses at certain points in their depositions are irrelevant to Plaintiffs' statement.  Plaintiffs' statement also is hardly "immaterial" to the knowledge Vimeo and its employees brought to bear on their interactions with the Videos.<br><br>See also, e.g., Koyfman Depo. (Dkt. 89-5) at 133:11-140:19 (regarding participation in business decisions regarding music licensing); Marcus Depo. (Dkt. 89-6) 225:11-229:12 (noting budgeted plan did "not include any outsized content license fees for music copyrights, et cetera"); Plaintiffs' SSUF ¶ 43 (Lodwick to CBS concerning a video, "if you want me to make a version that does not have copyrighted music in it, I will do that for you"); SSUF ¶36 (not disputed that in or about February 2009, a meeting was held with Vimeo staff |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *intricacies of how music rights work too deep"*). <br><br> <u>Dae Mellencamp</u>:  *Anten Supp. Decl., Ex. 12, Deposition of Dae Mellencamp ("Mellencamp Depo.") at 27:9-13 (at prior job, did not "learn anything about rights holders with respect to music, sound recording and/or compositions"); 31:25-32:6 (other than a single transaction, had no experience involving "licensing of music content").* <br><br> <u>Jonathan Marcus</u>:  *Marcus Depo. at 126:22-129:12 (believed he had right to use his own copy of a song in video "[b]ecause I owned the song"); 132:2-135:18 (similar); 170:21-171:3 (not part of his job responsibilities to understand copyright issues); 177:12-15 (used word "copyright" to mean a video "was personal in nature"); 177:16-178:25 (did not understand copyright protection); 215:13-15 (has no experience with music licensing in any capacity); 230:6-15 (when asked about music copyright licenses, testified "the whole issue is so morphic that I didn't have any clear indication of what the fee may be or what it may be for").* | instructing them to cease using unlicensed copyrighted music in videos they uploaded to the Vimeo Website). <br><br> *See also* Plaintiffs' responses to Vimeo's Second Supplemental Statement of Facts (dated August 16, 2017) at ¶¶ 4-6, which are incorporated by reference. <br><br> Defendants' objection (in a footnote) that certain evidence relating to Mr. Koyfman is inadmissible is without merit. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *Jakob Lodwick:*  Lodwick Depo. 58:15-59:23 (does not understand copyright or fair use); 67:4-21 ("not sure what qualifies as legal" permission to use music in video); 83:3-12 ("I was unaware of there being any problems with using music—synching music in this context"); 85:17-86:19 (has only a "loose understanding" of what "copyrighted" means for music associated with a video, but "I'm not an expert in such matters"), 89:13-22 (does not know what the owner of a sound recording owns).[fn9]* <br><br> *[fn9: In addition, Mr. Koyfman has not been identified by Plaintiffs as a Vimeo employee who ever "interacted" with a Video-in-Suit, and Ms. Mellencamp, Mr. Marcus and Mr. Lodwick had negligible instances of interaction.  See Berkley 2d Supp. Decl. Ex. B.]* <br><br> *See also, e.g., Anten Supp. Decl. Ex. 8, Deposition of Zachary Klein ("Klein Depo.") at 36:23-38:6 (does not understand that it is improper to use music in a personal video and has "zero expertise" on it); Allen Depo. at 236:2-16 (unclear when it is permissible to use music in a video); Verdugo Depo. 23:19-25:14 (no experience* | |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | *in copyright law or music industry); Whitman Depo. 116:25-117:10 (does not "necessarily know what constitutes copyright"). See also Vimeo's 2d SSUF ¶¶ 4-6 (Vimeo employees have no expertise or specialized knowledge in music licensing or copyright law). In addition, the statement is not supported by the evidence cited by Plaintiffs, none of which establish any specialized "knowledge" in music licensing or copyright law, and in fact reflect their lack of expertise or specialized knowledge.* | |
| **147. (misnumbered by Vimeo as 146)** <br><br> Plaintiffs' original SUF ¶72 (allegedly disputed by Vimeo): Vimeo recognized that "users often incorporate copyrighted music in personal videos (10 to 20 percent)" and that "[b]ased on recent events and a number of legal discussions, copyright holders are expected to charge a revenue share of 20-50 percent for use of music (timing TBD). It is prudent to start reserving for the cost now." Lodwick Depo. (Dkt. 88-1) at 233:12-234:4, 236:21-237:21& Ex. 25 at JL 00245 (Dkt. 93-5 at pp. 19-26); Koyfman Depo. (Dkt. 89-5) at 159:18-160:24 & Ex. 349 (Dkt. 95-1 at pp. 57-64). <br><br> <u>See</u> Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶72. | <u>*Disputed.*</u> *This statement is immaterial to any issues before the Court. See supra Part C. In addition, the statement is disputed. Declaration of Jessica A. Rose ("Rose Decl.") [Dkt. 86-1], Ex. 8 (Koyfman Depo. at 165:15-169:17); id. Ex. 7 (Lodwick Depo. at 236:21-238:5). In addition, the statement is not supported by the evidence cited by Plaintiffs. See also supra n.8 (cited evidence and testimony based on such evidence inadmissible).* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. According to the material cited by Defendants, the statements made in the referenced document (a Vimeo business plan forwarded to IAC chief executive Barry Diller) arose from a detailed analysis aiming "to understand the nature of the content on Vimeo generally," including the use of copyrighted music. <br><br> Plaintiffs' statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Vimeo employees brought to bear on interaction with the Videos supporting that infringement was or should have been apparent. |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **157. (misnumbered by Vimeo as 156)**<br><br>In an e-mail produced by Vimeo dated on or about June 12, 2008, Andrew Pile stated "we ignore music" and "legality doesn't matter when it comes to the uploading rules (its about you making it, which these still fulfill)." Verdugo Depo. (Dkt. 89-1) at 122:20-126:10 & Ex. 182 (Dkt. 94-8 at p. 49); Frackman Decl., Ex. 13 (Dkt. 90-7) at VCV027552, VCV027564; <u>see also</u> Plaintiffs' SUF Reply, Ex. 2 at SUF ¶38 (Dkt. 104-2). | <u>*Disputed.*</u>  *This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, the statement is disputed.  See Cheah Decl., ¶¶ 2, 12, 21-23, 43-45; Rose Decl., ¶¶ 15-16 & Exs. 16-17; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-3.  In addition, the statement is not supported by the evidence cited by Plaintiffs.  In addition, Vimeo objects to the quoted material pursuant to Fed. R. Evid. 106.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the fact that Mr. Pile made the referenced statements in the cited e-mail produced by Vimeo. Defendants' claims that Plaintiffs' statement is "not supported" or is "disputed" by other evidence are without merit.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Whitman's response, which is corroborated by the record, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music.  *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference; Plaintiffs' SSUF ¶¶ 124, 153-156, 158-167.<br><br>Mr. Pile's statements are hardly "immaterial," including as they reflect facts and circumstances that Mr. Pile and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **158. (misnumbered by Vimeo as 157)**<br><br>Asked by a user about Vimeo's policy concerning the use of copyrighted music, Blake Whitman responded that the policy was "Don't ask, don't tell." Whitman Depo. (Dkt. 88-7) at 233:10-234:18 & Ex. 164 (Dkt. 94-8 at p. 17). | <u>*Disputed.*</u> *This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit. In addition, the statement is disputed. See Cheah Decl., ¶ 2, 12, 43-45; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-3; Rose Decl. [Dkt. 86-1], Ex. 6 (Cheah Depo. at 127:18-129:8, 129:22-130:18); id., Ex. 4 (Whitman Depo. at 235:19-236:8); id., Ex. 7 (Lodwick Depo. at 166:7-167:12). In addition, the statement is not supported by the evidence cited by Plaintiffs. In addition, Plaintiffs have not established foundation for the evidence supporting the statement.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Nothing in Defendants' response disputes the fact that Mr. Whitman, the head of Vimeo's Community Team, so responded to the user in the cited e-mail produced by Vimeo. Defendants' claim that "Plaintiffs have not established foundation for the evidence supporting the statement" is nonsensical. To the extent Defendants purport to dispute the truth of Mr. Whitman's statement, it is amply corroborated by other evidence, including but not limited to that found in SSUF ¶¶ 39-70, ¶¶ 154-157, and ¶¶159-167.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Whitman's response, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music. *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference.<br><br>Mr. Whitman's response to the Vimeo user, including his emoticon "wink" that followed, is hardly "immaterial," including as it reflects relevant facts and circumstances that |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | Whitman and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |
| **159.  (misnumbered by Vimeo as 158)**<br><br>Asked by another user whether he could upload a video using a Radiohead song, Blake Whitman responded: "We can't officially tell you that using copyright music is OK. But…" Mellencamp Depo. (Dkt. 89-7) 194:3-24 & Ex. 418-B (Dkt. 95-9 at p. 9). | _Disputed._ This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, the statement is disputed.  See Cheah Decl., ¶¶ 2, 12, 43-45; Rose Decl., ¶¶ 15-16 & Exs. 16-17; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-3. | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the cited response made by Mr. Whitman in Vimeo's public forums, including that he informed a user asking if it were "possible to legally use copyrighted music if its a private invite channel": "Technically no, but I'm sure the FBI won't be breaking down your door anytime soon."<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Whitman's response, which is corroborated by the record, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music.  _See_ Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference; Plaintiffs' SSUF ¶¶ 153-157, 159-167.<br><br>Mr. Whitman's response to the Vimeo user is hardly "immaterial," including as it reflects |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | relevant facts and circumstances that Whitman and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |
| **161. (misnumbered by Vimeo as 160)**<br><br>Plaintiffs' original SUF ¶287 (allegedly disputed by Vimeo):  In Vimeo forum postings made in or about March 2008, after a user stated that "most people over here are using commercial music," Vimeo employee Dalas Verdugo stated that "our website is about original videos, not original music," and Vimeo employee Andrew Pile stated that "Soundtracks are a legal issue that we are working through currently and won't comment on."  Frackman Decl., Ex. 28, EMI 00537 at 00553 (Dkt. 91-43 at p. 29); Butler Aff. (Dkt. 74-1), Ex. A at 0024.<br><br>See Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶287. | _Disputed._  *This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, the statement is disputed.  See Cheah Decl. ¶¶ 2, 43-45; Supp. Cheah Decl. ¶¶ 2-3, 5 & Exs. 1-3.  In addition, the statement is not supported by the evidence cited by Plaintiffs.  In addition, Vimeo objects to the quoted material pursuant to Fed. R. Evid. 106.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the statements cited in Plaintiffs' statement made by Mr. Verdugo and Mr. Pile on Defendants' own website, where they were identified as comments by Vimeo "Staff."<br><br>The statements of Mr. Verdugo and Mr. Pile are hardly "immaterial," including as they reflect facts and circumstances that they and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Verdugo's and Mr. Pile's postings, which are corroborated by the record, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music.  *See* Plaintiffs' Response to Vimeo's (First) |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| | | Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference; Plaintiffs' SSUF ¶¶ 153-160, 162-167. |
| **162. (misnumbered by Vimeo as 161)**<br><br>Plaintiffs' original SUF ¶300 (allegedly disputed by Vimeo):  A Vimeo Staff member stated on the Vimeo Forums: "You can use the music, there are ton's [sic] of videos on here with music."  This Staff member [as of 2012] still works at Vimeo.  Frackman Decl., Ex. 28 at EMI 00558 (Dkt. 91-43 at p. 34); Berkley Decl., ¶60 & Ex 56 (Dkt. 96, 97-26).<br><br>See Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶300; Berkley 2nd Supp. Decl., ¶¶ 17-18& Exs. N-O ("About Vimeo" website pages identifying Mr. Schwarz as employed by Vimeo in December 2011 and December 2012). | _Disputed._ _This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, the statement is disputed.  See McGregor Decl., ¶ 2 (comment pre-dates employment at Vimeo); Supp. Pile Decl. ¶ 12 (staff badges applied retroactively to pre-employment activity).  In addition, the statement is not supported by the evidence cited by Plaintiffs._ | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the posting cited in Plaintiffs' statement made by an identified Vimeo staff member on Defendants' own website, nor that this employee (Matt Schwarz, _see supra_ at SSUF ¶ 5) continued to be employed by Vimeo as of 2012.  Whether Mr. Schwarz's statement was initially posted prior to the start of his employment and allowed to remain on the Vimeo website as "Staff" advice is irrelevant.<br><br>Additionally, Mr. Schwarz's forum statement is hardly "immaterial," including as it reflects relevant facts and circumstances that Schwarz and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |
| **163. (misnumbered by Vimeo as 162)**<br><br>Plaintiffs' original SUF ¶303 (allegedly disputed by Vimeo): In response to a user who asked the question: "hey guys, I see all | _Disputed._ _This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, the statement is disputed.  See Cheah Decl., ¶¶_ | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the cited response made by Mr. Verdugo, including |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| the time at vimeo videos [using] music that is copyrighted. Is there any problem with this," Vimeo's Community Director Dalas Verdugo responded: "We allow it, however if the copyright holder sent us a legal takedown notice, we would have to comply." Verdugo Depo. (Dkt. 89-1) 118:11-120:24 & Ex. 180 (Dkt. 94-8 at p. 47).<br><br>See Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶303. | *2, 12, 43-45; Rose Decl., ¶¶ 15-16 & Exs. 16-17; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-3.* | that he informed the user that "we [Vimeo] allow it."<br><br>Mr. Verdugo's response to the Vimeo user, including that Vimeo "allow[ed]" the use of copyrighted music, is hardly "immaterial," as it reflects facts and circumstances that Verdugo and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Verdugo's response, which is corroborated by the record, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music. *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference; Plaintiffs' SSUF ¶¶ 153-162, 164-167. |
| **164. (misnumbered by Vimeo as 163)**<br><br>Plaintiffs' original SUF ¶310 (allegedly disputed by Vimeo): In Vimeo's public Forums, in response to a post stating, "I was wondering if its possible to legally use copyrighted music if its a private invite channel," Blake Whitman replied: | *Disputed.* *This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit. In addition, the statement is disputed. See Cheah Decl., ¶¶ 2, 12, 43-45; Rose Decl., ¶¶ 15-16 & Exs. 16-17; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one. Previously, Defendants **did not dispute** Plaintiffs' original SUF ¶ 307, which in part read, "The first Google result for the search query "Vimeo copyrighted music" was the Vimeo |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| "Technically no, but I'm sure the FBI won't be breaking down your door anytime soon. There are too many people doing it for it to be enforced unless it is being used for commercial purposes, th[e]n it becomes more of an issue."  Whitman Depo. (Dkt. 88-7) at 229:25-230:16 & Ex. 162 (Dkt. 94-8 at p. 7).<br><br>See Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶310. | *3.* | forum thread in which Blake Whitman responds to a user question whether "its possible to legally use copyrighted music if its a private invite channel," with the comment "Technically no, but I'm sure the FBI won't be breaking down your door anytime soon.." Nothing in Defendants' response disputes the cited response made by Mr. Whitman in Vimeo's public forums.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Whitman's response, which is corroborated by the record, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music.  *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference; Plaintiffs' SSUF ¶¶ 153-167.<br><br>Mr. Whitman's response is hardly "immaterial," including as it reflects relevant facts and circumstances that Whitman and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| **165. (misnumbered by Vimeo as 164)**<br><br>Plaintiffs' original SUF ¶94 (allegedly disputed by Vimeo):  Vimeo in-house counsel Michael Cheah testified that although Vimeo used "a variety of tools" to locate and terminate accounts that feature "nonoriginal content," its policy with regard to copyrighted music was "to wait for a DMCA takedown notice."  Cheah Depo. [Frackman Decl., Ex 6] (Dkt. 89-3) at 78:11-79:13.<br><br>See Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶94. | _Disputed._ *This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, the statement is disputed.  See Cheah Decl., ¶¶ 2-3, 5 & Exs. 1-3; Rose Decl. [Dkt. 86-1], Ex. 6 (Cheah Depo. at 128:2-129:8); id., Ex. 4 (Whitman Depo. at 235:19-236:8).  In addition, the statement is not supported by the evidence cited by Plaintiffs.* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes that Mr. Cheah so testified at his deposition in the passage cited by Plaintiffs.  Neither Mr. Cheah's later conclusory statements directed at "curing" his prior testimony nor the other isolated materials misleadingly cited by Defendants (cited also in previous briefing) serve to undo the fact of this testimony or its substance, which is corroborated elsewhere in the record.  *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference; Plaintiffs' SSUF ¶¶ 153-167.<br><br>Mr. Cheah's testimony is hardly "immaterial," including as it reflects awareness of facts and circumstances that Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |
| **166. (misnumbered by Vimeo as 165)**<br><br>Dalas Verdugo responded in an e-mail to a Vimeo user that although the legality of using music by "popular artists" in the videos the user described was "dubious," Vimeo did not remove such videos "unless we receive a | _Disputed._ *This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition, this statement is disputed.  See Cheah Decl., ¶¶ 2, 12, 43-45; Rose Decl., ¶¶ 15-16 &* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the cited response made by Mr. Verdugo, including that he informed the user that "we [Vimeo] |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| DMCA takedown notice"  Verdugo Depo. (Dkt. 88-6) at 142:6-13 & Ex. 187 (Dkt. 94-8 at p. 57). | *Exs. 16-17; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-3 (multiple examples of videos that Vimeo removed containing music, without DMCA notice).* | allow it."  The other materials cited by Defendants, cited also in their previous briefing, are irrelevant both to the fact of Mr. Verdugo's response and to its substance, which is corroborated elsewhere in the record.  *See* Plaintiffs' SSUF ¶¶ 153-165, 167.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Verdugo's response, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music.  *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference.<br><br>Mr. Verdugo's response is hardly "immaterial," including as it reflects awareness of facts and circumstances that Verdugo and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |
| **167.  (misnumbered by Vimeo as 166)**<br><br>Plaintiffs' original SUF ¶302 (allegedly disputed by Vimeo): Dalas Verdugo sent additional e-mails to users on behalf of Vimeo | *Disputed.  This statement is not material to any of the issues before the Court, see supra Part C, including because it is unconnected to any of the Videos-in-Suit.  In addition,* | Defendants' response specifies no basis for a factual dispute and does not cite any evidence creating one.  Nothing in Defendants' response disputes the cited |

9226319.1

| Plaintiffs' Undisputed Material Fact | Defendants' Response | Why There Is No Genuine Dispute |
|---|---|---|
| stating that the users were allowed to upload videos to the Vimeo Website containing third-party copyrighted music, or that uploading videos with copyrighted music "shouldn't be a problem." VCV027346; VCV029844; VCV030025. [Frackman Decl., ¶ 4 & Ex. 13 (Dkt. 90-7).]<br><br>See Plaintiffs' SUF Reply, Ex. 2 (Dkt. 104-2) at ¶302. | *this statement is disputed. See Cheah Decl., ¶¶ 2, 12, 43-45; Rose Decl., ¶¶ 15-16 & Exs. 16-17; Supp. Cheah Decl., ¶¶ 2-5 & Exs. 1-3 (multiple examples of videos that Vimeo removed containing music, without DMCA notice).* | responses made to users by Mr. Verdugo indicating Vimeo's acceptance of videos using third-party copyright music. The other materials cited by Defendants, cited also in their previous briefing, are irrelevant both to the fact of Mr. Verdugo's responses and its substance, which is corroborated elsewhere in the record. SSUF ¶¶ 153-166.<br><br>Nor does anything cited by Defendants controvert the substance or spirit of Mr. Verdugo's e-mail responses, including because Mr. Cheah's conclusory testimony and the purported "examples" are supplied without foundation or proof that videos were removed by Vimeo "without DMCA notice" due to the presence of infringing music. *See* Plaintiffs' Response to Vimeo's (First) Supplemental Statement of Facts (Dkt. No. 105) at ¶ 1, which is incorporated here by reference.<br><br>Mr. Verdugo's responses are hardly "immaterial," including as they reflect facts and circumstances that Verdugo and other Vimeo employees brought to bear on their interaction with the Videos supporting that infringement was or should have been apparent. |

9226319.1